Maddox v. Goddard.

PATIENCE MADDOX *vs.* JOHN GODDARD *& als.*

One tenant in common of a sawmill and mill privilege may maintain an action of trespass *quare clausum*, against a co-tenant for the destruction of the mill.

By the conveyance of a sawmill and the privileges and appurtenances thereunto belonging, the land whereon the mill stands, as well as so much as is necessary to the use of it, passes with the mill.

THE writ contained one count, *trespass quare clausum*, for breaking and entering the plaintiff's close in *Cornish*, called the *Durgin* mill privilege, and tearing down, and destroying the plaintiff's sawmill, and carrying away the materials thereof and converting the same to their own use ; and another count, *trespass de bonis asportatis*, for tearing down the plaintiff's sawmill, and destroying and carrying away the materials of the same. On the trial it was proved, that the defendants entered upon the premises and cut and tore down and prostrated the mill, and carried away the materials thereof; but at the same time it appeared, that *Goddard*, under whom the other defendants acted, was a tenant in common with the plaintiff and others of the same mill and mill privilege. There was however an objection made to the title of the plaintiff, because a deed under which she claimed, described the property as "one quarter of the *Durgin* sawmill and one quarter of the privileges and appurtenances thereunto belonging." EMERY J. instructed the jury, that for the purposes of that trial, they might consider, that the plaintiff had produced evidence of a title in herself of one eighth of the mill and privilege during her life and the minority of her son ; and that although a tenant in common with *Goddard,* one

of the defendants, she might maintain the suit for the destruction of her share of the sawmill. The verdict, which was for the plaintiff, was to be set aside, if the instructions were erroneous, or if the plaintiff could not maintain her action.

The arguments were in writing.

*Howard,* for the defendants.

One tenant in common cannot maintain *trespass quare clausum,* against his co-tenant for breaking or entering the common close, or for an injury to the common property. *Co. Lit.* 199, *b; Bac. Ab. Joint Tenants, &c. L;* 1 *Chitty on Pl.* 66, 172, 174; *Keay* v. *Goodwin,* 16 *Mass. R.* 1; *Cutting* v. *Rockwood,* 2 *Pick.* 444; 4 *Kent's Com.* 370. And under the general issue may show, that he is tenant in common, and that will prove him not guilty. 3 *Stark. Ev.* 1456; *Gilbert's Ev.* 204; 1 *Leon.* 301; 2 *Leon.* 83, 94; 8 *T. R.* 403; 1 *Chitty's Pl.* 492; 1 *Phil. Ev.* 134; *Rawson* v. *Morse,* 4 *Pick.* 127. If one tenant in common commit waste, the other shall have a remedy by an action of waste against him, but not trespass. *Co. Lit.* 200, *b;* 1 *Chitty Pl.* 180; 1 *Ld. Raym.* 737. A remedy is also furnished in trespass for mesne profits by one tenant in common against another, after a recovery in ejectment. But trespass *quare clausum,* by one tenant in common against another, cannot be maintained. 3 *Wilson,* 118; 1 *Chitty Pl.* 66; 2 *ib.* 435; *Stearns on Real Actions,* 389, 400, 404; *Cummings* v. *Noyes,* 10 *Mass. R.* 435; *Hylton* v. *Brown,* 2 *Wash. C. C. R.* 165; *Chirac* v. *Reinicker,* 11 *Wheat.* 280; *Emerson* v. *Thompson,* 2 *Pick.* 473; *Cox* v. *Callender,* 9 *Mass. R.* 533; *Wilder* v. *Houghton,* 1 *Pick.* 89; *Jackson* v. *Stone,* 13 *Johns. R.* 447.

The doctrine that one tenant in common can maintain an action of trover, or trespass, if *trespass* in any case can be maintained, against another for the destruction of the joint property, applies exclusively to personal property. 1 *Chitty Pl.* 66, 170, 172; *Co. Lit.* 199, 200; 2 *Johns. R.* 468; 3 *Johns. R.* 175; 15 *Johns. R.* 179. The mill and gearings were real estate, and the action cannot be maintained on the counts *de bonis asportatis. Farrar* v. *Stackpole,* 6 *Greenl.* 154; *Goddard* v. *Bolster, ib.* 427.

But the plaintiff had no title to the mill or mill privilege. The first deed under which she attempts to derive title, conveys only

" one quarter of the *Durgin* sawmill, standing, &c." and " one quarter of the privileges and appurtenances thereunto belonging." No real estate was intended to be conveyed, but merely the mill and its appendages, which was taken down and another built. *Farrar* v. *Stackpole*, 6 *Greenl.* 154.

*J. Shepley* and *Clifford*, for the plaintiff.

The main, and indeed the only real question is ; can one tenant in common of a mill and mill privilege maintain an action against another for the wilful and forcible destruction of the mill ? And this resolves itself into another ; is there any remedy for such wrong ? Trover for the value of the materials, after the mill has been demolished, will afford no adequate one, as the principal injury arises from its destruction.

The true principle, extending to houses and mills as well as to personal chattels, is believed to be this. Where property is owned in common, each has an equal right to the use of it, and no action lies by one against another for the mere exclusive use. But where one tenant in common goes beyond the rights in relation to the common property, which the law gives him, then his character of tenant in common cannot protect him, and he is as much liable to his co-tenant for the wrong done, in the proper form of action, as a stranger. Where the injury is to real estate the proper form of action is trespass *quare clausum*, and when to personal property, trespass, trover, or case will lie, as the circumstances under which the act was committed render the one or the other proper.

Our writ contains counts in trespass *quare clausum* and *de bonis asportatis*, and if we can recover under either count, we prevail. Where the injury is to real estate, the party may waive the injury to his land, and bring his action for the damage done by the conversion of real into personal estate by the wrongful acts of the defendant. *Loomis* v. *Green*, 7 *Greenl.* 386. As the acts were forcible, trespass is proper. If then one tenant in common can maintain an action against a co-tenant for the forcible destruction of either real or personal property, our case is made out. He can maintain one when property of either description is forcibly destroyed, or materially injured.

Where the injury is to personal property, it is admitted that an action lies in some cases, but it is denied, that it does in this. We

Maddox *v.* Goddard.

cite but few of the cases where the principle is settled in our favor in relation to personal property. *Co. Lit.* 200, *b*; *Martyn* v. *Knowllys*, 8 *T. R.* 145; *Heath* v. *Hubbard*, 4 *East*, 110; *Farr* v. *Smith*, 9 *Wend.* 338; *Daniels* v. *Daniels*, 7 *Mass. R.* 137; *Herrin* v. *Eaton*, 13 *Maine R.* 193.

The law is clearly with us, that trespass *quare clausum* will lie, by one tenant in common against another, for the destruction of a mill, which until the destruction was real estate. *Co. Lit.* 200, *b*; *Cubitt* v. *Porter*, 8 *Barn. & Cress.* 257; *Erwin* v. *Olmstead*, 7 *Cowen*, 229; *Chesley* v. *Thompson*, 3 *N. H. Rep.* 9; *Blanchard* v. *Baker*, 8 *Greenl.* 270.

The conveyance of a mill and mill privilege and appurtenances, carries land, mill, use of the water, and the appurtenances attached to the mill. *Blake* v. *Clark*, 6 *Greenl.* 436; *Farrar* v. *Stackpole*, *ib.* 154.

The case was continued for advisement, and the opinion of the Court afterwards prepared by

SHEPLEY J. — The argument for each party admits the general and well established rule, that trespass cannot be maintained by a tenant in common, against his co-tenant; and that it can in certain cases be maintained, when the common property has been destroyed.

It is contended for the plaintiff, that the right to maintain this action for the destruction of the common property applies as well to houses, mills and other matters, which are portions of the realty, as to personal property. While it is contended for the defendants, that it is limited to personal property.

It rarely happens, that one cannot discover the reason and principle, upon which the rules of the common law are based; and the grounds upon which even the early decisions were made. Why cannot trespass be maintained as stated by *Littleton*, § 322, for breaking into the common close and treading down and consuming the herbage? Each tenant in common has a right to enter upon, occupy and take the profits, and the act is lawful. Trespass will not lie against a co-tenant, who obtains and holds the entire property of a personal chattel, for the obvious reason, that each has an equal and lawful right of possession; and it being often impossible,

from the nature of the property, that each should possess at the same time, no action lies, though one tenant may be deprived of the use of it.

All the tenants in common of real estate may possess and improve at the same time, and hence the rule does not apply as in personal property, that one may occupy exclusively and deprive the others of the right of occupation without legal cause of complaint, or legal redress. In this case the law affords a remedy by *ejectione firmae*, assize upon a disseizin, ejectment or other appropriate remedy according to the time, place, and country in which the remedy is sought. And the whole wrong may be redressed by following up the recovery of possession by an action for the profits while so kept out. So if one tenant in common committed waste, the other was provided with a remedy by writ of waste; and to do exact justice, *Coke* says, the wrongdoer may make choice of a certain place to improve, and if he does, he shall take the place wasted. *Co. Lit.* 200, *b.* One tenant in common might be compelled to repair so as to prevent a common destruction.

*Coke* gives examples where a tenant in common may have his remedy for a loss of his property by the act of his co-tenant by an action of trespass, and refers to the year books for his authority.

In the case from 47 *E.* 3, 22, the action was trespass for breaking the dove house, and destroying certain doves, whereby the whole flight was destroyed. The case relating to the destruction of the deer in the park, appears to be of the same character. The case relating to the disturbance of the " folding," or sheep-fold, exhibits the same principle of a wrong committed by one tenant in common against his co-tenant redressed by action of trespass. So the redress by one against the other for a wrong in corrupting the common river, is by action of the case, that being the appropriate remedy. The case in 1 *H.* 5. 1, relating to the " mete stones," is stated by *Coke*, as if the parties were tenants in common of the lands, as well as of the monuments. The case is, " trespass *quare vi et armis certos lapides pro metis et bundis inter le pl. et le terre le defend, cepit,*" and it would seem to indicate, that the monuments were between the separate lands of the parties; yet the land upon which the monuments stood may have been in common, and it seems to have been treated as a tenancy in common, for judg-

Maddox *v.* Goddard.

ment is demanded of the writ, because they were tenants in common, and it is answered, if there be two joint tenants, and one disseize, the other shall have assize; and the case of the dove house, appears also to have been referred to as authority.

One general principle may be clearly discerned in all these authorities, that where a tenant in common does an unlawful act, whereby his co-tenant is injured, the law affords the appropriate remedy arising out of the nature of the property or estate, and the character of the wrongful act.

In the case of *Barnardiston* v. *Chapman & al.*, reported by *Abbott,* in argument, from *Lord King's Manuscript,* 4 *East,* 121, the doctrine is laid down by the Court, " that if one tenant in common destroy the said thing in common, the other tenant in common may bring trespass or trover against him." The reason for seeking and giving redress is as urgent when the destruction is of property constituting a part of the realty, as when it is of personal property; and the act is equally illegal and unjustifiable. Upon both principle and authority the law, as we have seen, protects the estate against destruction, and preserves the legal rights of the respective tenants; and the question becomes reduced to an inquiry into the proper mode of redress, or form of action.

The case of *Erwin* v. *Olmstead,* 7 *Cow.* 229, was an action of trespass *quare clausum,* for turning the plaintiff out of his house and destroying his goods. The plaintiff's wife was a tenant in common and the defendant acted for the other co-tenants; the plaintiff was nonsuited, but the nonsuit was set aside, the Court observing, " that the defendant's interest, if any, was not greater than the plaintiff's. The defendant therefore had no right to dispossess the plaintiff." Ejectment for the ouster would not in that case have afforded adequate redress, because nothing could have been recovered in that action, or in an action for the mesne profits for the injury of turning out. The redress by ejectment is for keeping out; not for the injury of violently thrusting out.

What is the appropriate remedy for the plaintiff in the present case? The action of waste in its general acceptation does not apply; and the one spoken of by *Coke* as a remedy between tenants, is upon the statute of *Westminster* the second; would afford no sufficient remedy; and is not known to have been adopted in this

State. The interests of the parties in the property, and the character of the act do not indicate, that an action upon the case — or case in the nature of waste, is a more suitable remedy.

The case of *Cubitt* v. *Porter*, 8 *B. & C.* 257, seems to warrant the plaintiff in bringing *trespass quare clausum.* The plaintiff in that case did not prevail, there being no proof of destruction; yet the right to maintain the action upon such proof is substantially admitted by all the Judges; and no intimation is given of any distinction between the destruction of personal property, and of matters pertaining to the realty. The case of *Matts* v. *Hawkins*, 5 *Taunt.* 20, in which a contrary opinion is intimated was cited and commented upon in that case. The case of *Rawson* v. *Morse*, 4 *Pick.* 127, is referred to as opposed to this doctrine, but it cannot justly be so regarded; for that case proceeds upon the principle that each tenant in common has a lawful right to cut the trees growing upon the common estate.

An objection is made to the title of the plaintiff. The deed from *Stanley* to *Trafton* conveyed one fourth part of the mill and privilege. When a conveyance speaks of the mill only without naming the privilege, it has been decided, that any easement which has been used with the mill, will pass. *Blake* v. *Clark*, 6 *Greenl.* 436. And a still more extended signification has been given to similar language in a devise. *Whitney* v. *Olney*, 3 *Mason*, 280. It was not unusual in our early history to find mill privileges conveyed without any exact bounds, and such deeds have been held to convey so much land as was necessary, and customarily used with the mill. The occupation by *Durgin* of the lot on which the mill stood, claiming title, was not inconsistent with the occupation at the same time by others of the mill privilege, which the case finds. The act of *Maddox*, in endeavoring to strengthen his title by obtaining a deed from *Durgin*, does not impair the title which he then had; and from the evidence in the case he appears to have had a good title to one eighth of the mill and privilege, which he devised to the plaintiff during her widowhood and the minority of his son. It was the duty of the Court so to decide and instruct the jury.

*Judgment on the verdict.*