## OLIVER CROSBY *versus* JOHN BRADBURY.

A conveyance of " a certain saw mill site, in and with the saw mill, machinery, &c. thereon standing," &c. " meaning to convey all the premises which said A B (grantor) purchased of C D by deed dated, &c. with all the privileges and subject to all the restrictions therein expressed : reference thereto being had for a more particular description of the premises," will pass the mill and the whole land under the same, notwithstanding the grantor acquired by the deed to which reference was had, but a part of the premises upon which the mill was erected.

The term mill site embraces all the land the mill covers.

Erroneous or defective references to the sources of title will not be permitted to vary a prior description clearly and definitely given.

THIS was a writ of entry. Plea *nul disseizin,* as to that part of the plan marked A A and a disclaimer as to that part of the plan marked B. The following plan describes the premises demanded.

The demandant accepted the disclaimer and joined issue as to the disseizin. The demandant to establish his title introduced a deed from William Bradbury to Elihu Baxter, dated August 3d, 1835, conveying, "A certain saw mill site in Levant village with the saw mill, machinery and fixtures thereon standing, including shingle machine, and cutting off saw, also one undivided fourth part of mill common," also several other parcels of land lying in Levant and Corinth, particularly described therein, "meaning to convey to said Baxter all the premises which said William Bradbury purchased of Benjamin Garland, by deed dated March 19, 1832, and recorded in Penobscot Registry, book 28, page 448, with all the privileges and subject to all the restrictions therein expressed, reference thereto for a more particular description of said premises."

Said Baxter under this deed entered into possession of the whole of said demanded premises A A and B.

The demandant also introduced a mortgage deed from said Baxter to said William Bradbury, of these premises, using the same language, dated August 3, 1835, and assigned to demandant August 22, 1835, under which he claims the whole demanded premises.

The whole of the demanded premises is now covered with a saw mill, and was so covered at the time of the date of the deed from Bradbury to Baxter. The shingle machine is situated about two thirds in that part of the plan or diagram marked A A, and is described by the part marked C C. The cutting off saw was situated in the part A A, in the upper story of the mill, on the same floor with the principal saw, the carriage necessarily runs back into the part A A, when the mill is in operation.

The tenant to establish his title to the part A A, offered a deed from Benjamin Garland to William Bradbury, dated March 19, 1832, recorded Book 28, p. 448, conveying "a certain site for a saw mill in said Levant bounded as follows, to wit, beginning at the northwest corner of the old saw mill in Levant village formerly owned by Samuel E. Dutton, Esq. thence westerly on the mill-dam twenty-five feet, thence southerly on a line parallel with the west side of said old saw mill,

thirty-five feet below the lower end thereof, thence easterly at right angles with the last mentioned line twenty-five feet, thence northerly on a line to strike the southwest corner of said old mill, thence on the west side thereof to the first mentioned bound," also certain other tracts not in controversy particularly described therein — " with the privilege of drawing water from the mill pond, sufficient to work one single saw mill and to carry a lath or sash machine, and also one undivided half of the mill pond and booms for the safe running of lumber and logs, &c." with certain restrictions as to water. The boundaries in this deed mentioned so far as relates to the mill site and privilege of water, are the exterior lines of that portion of the plan marked B.

The tenant also offered a deed from Benjamin Garland to William Bradbury dated July 9th, 1832, and duly recorded, conveying a parcel of land in Levant, and thus bounded, beginning at the northwest corner of a certain site for a saw mill, conveyed by me to said Bradbury, dated March 19, 1832, and recorded in the Registry of deeds, book 28, page 448, thence westerly on the mill-dam two feet, thence southerly, on a line parallel with the west side of the old saw mill, fifty feet below the lower end thereof, thence easterly at right angles with the last line twenty-four feet, thence northerly to a point in the south boundary line of said mill site, twenty-two feet from the west side thereof, thence westerly to the southwest corner of said mill site, thence northerly on the west line thereof to the first mentioned bound, without any additional privilege of water over and above what was conveyed by the aforesaid deed. This deed conveys that portion of the plan marked A A.

The tenant also introduced an execution in his favor against said William Bradbury, and a levy of the same on that part of said plan marked A A embraced in the last mentioned deed.

Upon the foregoing statement of facts, it was agreed that the Court shall render such judgment as in their opinion will be conformable to law.

The cause was argued in writing.

*J. Crosby,* for the demandant, with whom was *Hobbs.* W. Bradbury, at the time of his conveyance, Aug. 13, 1835, was the owner of the premises in dispute, having acquired them by conveyances from Garland other than the one referred to in his deed of that date. This deed conveys a saw mill site, saw mill, machinery, &c. thereon standing. The language of this deed is attempted to be restricted because it refers to the origin of the title. The only question is its true construction; in other words, what was the intention of the parties; for that must govern. The description is not of a part of a mill, as would be the case if the construction claimed by the tenant were the true one, but of a *mill,* &c. The mill, &c. is referred to as standing on the premises; that is a monument of a fixed and permanent nature, and must govern. *How* v. *Bass,* 2 Mass. R. 380. The conveyance of a mill, *eo nomine,* passes the land under the mill. *Blake* v. *Clarke,* 6 Greenl. 436; *Maddox* v. *Goddard,* 15 Maine R. 218. Two thirds of the shingle machine, C C, and the cutting off saw, is situated in the part A A. But the conveyance is of the machinery, cutting off saw, &c. It could hardly have been the intention of the party to retain land covered by them. They passed then by the deed, and the land covered by them. *Farrar* v. *Stackpole,* 6 Greenl. 154; *Goddard* v. *Bolster,* 6 Greenl. 427. Baxter went into possession of the premises in dispute immediately after his conveyance. The contemporaneous acts of a grantee, especially when with the knowledge of the grantor, are admissible to explain the intent of the parties. *Livingston* v. *Ten Broek,* 16 Johns. 14; *Leland* v. *Stone,* 10 Mass. R. 459; *Towle* v. *Bigelow,* 10 Mass. R. 379; *Vose* v. *Handy,* 2 Greenl. 332. The object of the parties in the conveyance, is to be considered in arriving at the true construction of the language.

The first portion of the description conveys the premises in dispute; the reference to the deed of Garland is repugnant thereto and void. It is not a reservation, exception, or limitation of the preceding words. *Allen* v. *Tufts,* 3 Pick. 272; *Jackson* v. *Clark,* 7 Johns. 217; *Stearns* v. *Rice,* 14 Pick.

411; *Jackson* v. *Root*, 18 Johns. 60; *Keith* v. *Reynolds*, 3 Greenl. 393. The reference to the source of title is always of minor importance in determining the meaning of parties in a conveyance. *Winn* v. *Cabot*, 18 Pick. 553; *Drinkwater* v. *Sawyer*, 7 Greenl. 366. No construction should be adopted contrary to reason and common sense. That claimed by the tenants would render the property useless to both parties; neither owning any thing, which would be of any value without the consent of the other.

*Cutting*, for the tenant. A person owning property has a right to convey any specific portion and to locate such portion as he chooses. The demandant's title then is traced back for its boundaries to the deed of Garland of Aug. 3, 1835. If then the specific description of boundaries in the deed is to be regarded, the demandant has no claim beyond the boundaries designated as B. Definite boundaries given in a deed will limit the generality of a term previously used, which if unexplained would have included a great quantity of land. *Allen* v. *Allen*, 14 Maine R. 387; *Thorndike* v. *Richards*, 13 Maine R. 430.

The opinion of the Court was by

WESTON C. J. — The title of the demandant is deduced principally, by reference, from the deed of William Bradbury, then the owner of the entire property, to Elihu Baxter, dated August 3, 1835. That conveyed " a certain saw mill site in Levant village, with the saw mill, machinery and fixtures thereon standing, including shingle machine and cutting off saw." It is agreed that the mill, then and now standing, covers the whole demanded premises, as well the part defended, as the part disclaimed. This description would very clearly pass the whole mill and the land under it. *Whitney* v. *Olney & al.* 3 Mason, 280; *Blake* v. *Clark*, 6 Greenl. 436; *Maddox* v. *Goddard*, 15 Maine R. 218. In the first case the construction is even carried farther. Story J. there says, " the land under the mill and adjacent thereto, so far as necessary to its use, and commonly used with it, passed by force of the word " mill."

The term mill site, must embrace at least all the land the mill covers.

The deed adverted to, after describing and conveying certain other parcels of land in Levant and Corinth, not in controversy, has this clause, " meaning to convey to said Baxter all the premises, which said Wm. Bradbury purchased of Benjamin Garland, by deed dated March 19, 1832, and recorded in Penobscot registry, book 28, page 448, with all the privileges and subject to all the restrictions, therein expressed ; reference thereto for a more particular description of the premises." Upon referring to that deed, besides the parcels in Levant and Corinth, it is found to contain only the part disclaimed, delineated with such exactness, that it cannot be extended to the part defended. It has certain specifications as water rights, which do not appear in the deed to Baxter, except by reference. It is in this point of view more particularly that the reference performs its office ; for as to the land conveyed, the prior description was clear and explicit.

If Bradbury had been the owner only of the part disclaimed, the restricted construction, for which the defendant contends, would have been better supported. Yet in that case, the use of terms, embracing the whole mill, as the mill site does also all the land under it, would hardly be consistent with good faith. The grantee may not have been conusant of the sources of Bradbury's title. They are often adverted to without proper attention to entire accuracy ; and should not be permitted to restrict a description, so definite, tangible and perfect, as is to be found in the deed in question. It did convey, what was derived from Garland's deed of March ; but it also plainly and manifestly conveyed more unless mill and mill site, which are the leading terms of the conveyance, are to be so mutilated, as to embrace only a section of each. The reference contains no negative words, that the grantor conveyed only what Garland had in that deed conveyed to him ; although that would have been the fair implication, if no discrepancy of description had been disclosed, by a comparison of the two deeds. Had the conflicting part been false instead of being only de-

fective, where the intention is plain, from a previous clear description of the subject matter, it could not have the effect to defeat the intention. In such case, the maxim of the civilians, *falsa demonstratio non nocet* is to be applied. *Worthington & al.* v. *Hylyer & al.* 4 Mass R. 196 ; *Vose* v. *Handy*, 2 Greenl. 323.

Cases are to be found, where an erroneous or defective reference to the sources of title, have not been suffered to vary a prior description clearly and definitely given. *Willard & al.* v. *Moulton*, 4 Greenl. 14 ; *Cutler v. Tufts*, 3 Pick. 272 ; *Drinkwater* v. *Sawyer*, 7 Greenl. 366 ; *Winn* v. *Cabot*, 18 Pick. 553. The intention of the parties is not only clearly indicated by the terms they have used ; but by the act of the grantee in taking possession of the whole mill, and the acquiescence of the grantor at that time.

*Judgment for the demandant.*