WILLIAM CODDINGTON, Survivor, etc., Respondent, v.
STEPHEN HOPKINS et al., Appellants.

No. 431; March 6, 1865.

**Foreclosure of Mortgage—Description.—To Uphold a Demurrer**
to a Complaint in foreclosure on the ground of indefinite description
of the premises it must appear that the description is so vague that
no part of the land may be located by reference to it.

**Foreclosure of Mortgage—Description—Testing Rights of Par-**
**ties.—**Demurrer to a complaint in foreclosure is not a proper way
to test whether the property set out as the mortgaged property is
sufficiently described, since the decree in foreclosure gives the plain-
tiff only what the mortgage calls for. When, after the foreclosure,
the mortgagee takes possession, his right to the particular property
can be tested by bringing an action against him.

**Pleading—Extension of Time to Answer.—**A motion for the
allowance of more time to a defendant for the filing of his answer,
on the ground of his being absent, is properly denied when it appears
that he was personally served with the complaint in ample time
and the affidavit accompanying the motion is insufficient as an affi-
davit of merits.

APPEAL from Eighth Judicial District, Humboldt County.

James Hanna for respondent; H. W. Havens for appellants.

SANDERSON, C. J.—This is an action to foreclose a mort-
gage. Only one of the defendants, Lyman Fish, appeared in
the action, who demurred generally to the complaint alleging
that the same did not state facts sufficient to constitute a cause
of action. The complaint is in the usual form in such cases,
and alleges that Lyman Fish, among others, has or claims to
have some interest or lien upon the mortgaged premises or a
part thereof, which interest or lien, if any, was acquired by
him subsequent to the lien of the mortgage in suit. The com-
plaint contains a full copy of the mortgage in which the prem-
ises are described as follows: .

"All that piece or parcel of land consisting of one hundred
and sixty (160) acres, with one grist mill and one saw mill
combined, situated near the mouth of Mad river and called
the Mad river Mills."

The ground of the demurrer is that this description is fatally defective and that the mortgage is therefore void, as against the appellant at least, for uncertainty. The demurrer was overruled by the court below, which the appellant claims was error.

It is argued that the description is bad because neither the state, county or township in which the land is situated is designated, nor any corners, posts, monuments or initial points, or lines, courses, or distances given by which the location of the land can be ascertained, or its quantity measured and segregated from that adjacent thereto.

It appears from the complaint that the mortgaged premises are situated in Humboldt county, and that the mortgage was duly recorded in that county. It also appears from the mortgage itself that the mortgagors and mortgagees were all residents of that county at the time the mortgage was executed.

The question attempted to be presented by the demurrer is whether under these circumstances the description of the premises was sufficient to import notice to Fish at the time he acquired his interest therein and consequently whether anything passed by the mortgage as against him. Although it is not suggested by the respondent, we think it doubtful whether this question can be properly made in this action. This action does not try the title to the mortgaged premises or any part thereof, but merely forecloses the lien of the mortgage as to whatever estate may pass by the description without determining whether any estate whatever has passed to the mortgagees. The decree follows the description given in the mortgage, and so will the sheriff's deed if no redemption is made. When the purchaser seeks to obtain possession of the land the title will come in issue and Fish can then properly make the defense which he attempts to make now, and such defense can be in no respect prejudiced by any proceedings had in this case. The mortgagees are entitled to have their mortgage foreclosed as it is written, for if any estate does pass by the mortgage decree and deed, they are entitled to it. If nothing passes, the whole proceeding from the commencement to the end is without consequence, and the only parties injured are the mortgagees: Tryon v. Sutton, 13 Cal. 490.

But whether such be the proper view or not, we think the demurrer was properly overruled. To uphold the demurrer

it must appear that the description is so defective as not to identify any part of the premises, for if by its light any part can be found and located, as to such part at least a cause of action is stated. This is not a case of patent ambiguity. If there is any difficulty in finding and locating the land, it is presented dehors the mortgage. The "Mouth of Mad River," so far as we can judge from the face of the record, is a sufficient location call. When that point is reached, it may be that the entire premises can be readily located, at all events there can be no difficulty in finding the "Mad River Mills." Such being the case the description is good, at least so far as the mills are concerned, and is sufficient to pass them and the land under and around the same sufficient to insure their convenient use and enjoyment: Maddox v. Goddard, 15 Me. 218, 33 Am. Dec. 604; Blake v. Clark, 6 Greenl. 436; Whitney v. Olney, 3 Mason, 280, Fed. Cas. No. 17,595; Gibson v. Brockway, 8 N. H. 465, 31 Am. Dec. 200; Marshall v. Niles, 8 Conn. 369; Crosby v. Bradbury, 20 Me. 61.

The demurrer having been overruled, counsel for the defendant moved the court for an order allowing such further time for the preparation and filing of the answer as would be reasonable under the circumstances of the case. This motion was denied by the court, and it is next claimed that this was error.

This motion was supported by an affidavit made by the defendant's wife to the effect that her husband was at that time in the Boise river country in Idaho Territory, and had been for about eight months, and that it required from two to three months to communicate with him. That from information derived from her husband she believed that he had a good defense, which could be successfully made if sufficient time was allowed, etc.

It appears from the record that the summons was served on Fish on the seventeenth day of January, 1863, personally and within the jurisdiction of the court. On the seventh day of February, 1863, he filed his demurrer, which was not passed upon by the court until the 14th of March, 1864.

Thus the defendant had ample opportunity to prepare and make any defense which he might have to this action on the merits, but he voluntarily left the state without doing so and without leaving his answer or giving his counsel instructions

or putting him in possession of the facts constituting his defense, if he had any. In addition the affidavit was altogether insufficient as an affidavit of merits. The affiant does not state what the facts constituting the defense are, although she claims to have information touching them which she derived from her husband. She neither states the facts according to her information, nor that she has stated them to counsel learned in the law, and been advised that they constitute a defense; but contents herself with saying that there are certain facts and circumstances (without detailing them) of which she has been informed by her husband and which she believes would amount to a good defense. Moreover, she gives no reason why this defense of which she is informed cannot be made just as well without the presence of her husband as with it. We think the application was a frivolous one, and doubtless such was the view of the court below.

Judgment affirmed.

.We concur: Sawyer, J.; Shafter, J.; Currey, J.; Rhodes, J.