JOHN F. SWEENEY *vs.* LANDERS, FRARY AND CLARK.

First Judicial District, Hartford, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In determining the character and extent of an easement created by deed, the ordinary import of the language used will be accepted as indicative of the intention of the parties, unless there is something in the situation or surrounding circumstances which calls for a modified or restricted interpretation.

In the present case the parties were at issue as to the meaning and effect of a clause in a deed granting the plaintiff "a right of passway for all purposes across a strip of land twelve feet wide running along the whole of the westerly side of the land herein granted." *Held* that in view of the general, comprehensive words of the grant, reinforced as they were by the few extrinsic facts and circumstances disclosed by the record, the easement conveyed was not to be limited merely to such use as could be made of the strip in passing to and from the land in question to a highway upon which one end of the strip opened, as contended by the defendant, but included the right to pass to and fro in any direction and for any distance over the strip, to and from any point of the land conveyed, to each and every portion of which the right of way was appurtenant, as contended by the plaintiff.

Argued October 2d, 1907—decided April 15th, 1908.

SUIT to enjoin the obstruction of a passway and also for damages, brought to the Superior Court in Hartford County and reserved by that court, *Case, J.*, upon an agreed statement of facts, for the advice of this court. This statement not being complete, the cause was continued until the January term, 1908, when a stipulation was filed that if the obstruction was unlawful, judgment might be rendered by the Superior Court for $1 damages and a permanent injunction granted. *Judgment advised for plaintiff.*

The estate of John Hanna owned a considerable tract of land upon East Main Street in the city of New Britain, including A., B., C., D. and E., but excluding F., all as shown upon the following map :—

On January 20th, 1902, the estate sold and conveyed to the plaintiff tracts B. and C., described as one piece of

land, "together with a right of passway for all purposes
across a strip of land belonging to said estate, of the uni-
form width of twelve feet, running along the whole length
of the westerly side of the land herein granted." This
strip is represented by D. and E. upon the map. April 22d,
1905, the plaintiff conveyed to one Smith the tract C.,
"together with right of passway for all purposes over, upon
and across a strip of land of the uniform width of twelve feet
running from East Main street southerly along the entire
westerly boundary of the land of said Sweeney and land
herein conveyed, which passway is also described in said
deed from the Estate of John Hanna to the grantor." On
said date the plaintiff and Smith entered into a written
agreement which, among other things, bound Smith "to
give to the said Sweeney a right of passway from property
this day bought by the said Smith of the said Sweeney
over, upon and across the passway twelve (12) feet wide
from said property along the west of said land and land of
said Sweeney to East Main street to be used in common
with the said Smith and Sweeney and any other persons
having rights therein and the said Smith agrees to execute
any proper instrument of conveyance of said right of pass-
way in common upon demand." And adding: "The ob-
ject of this agreement is to enable the said Sweeney to give
to Landers, Frary & Clark the right to use said passway
in case they desire it, said Sweeney having previously
agreed with them to provide such a right of way if de-
sired." May 22d, 1905, Smith conveyed tract C. and the
right of way appurtenant thereto to the defendant, who
had full knowledge of the above agreement. On June 19th,
1906, the Hanna estate conveyed tract A. to the defend-
ant. Whether the fee to the passway was included in this
conveyance is not made clear by the record, although it is
assumed by at least one of the parties that it was. In
October following the defendant built a fence across the
twelve-foot strip, as shown by the line 2, 8, upon the map,
and has since maintained it, and intends to continue to do
so.

*William F. Henney*, for the plaintiff.

*John H. Buck*, for the defendant.

PRENTICE, J. The plaintiff, by force of the deed to him from the Hanna estate, acquired (1) the fee of a tract of land adjoining East Main Street on the north and bounded on the west, for a distance not stated in the record, by land reserved by the grantor, and (2) a right of way over and across a portion of the land so reserved, to wit, a strip of land twelve feet in width extending along the whole length of said westerly boundary line. The right of way which the plaintiff thus acquired was one appurtenant to the land acquired in fee, and as such attached to each and every portion of it. So far the parties are agreed. Their disagreement results from their differing constructions of the character and extent of the easement acquired. The plaintiff says that the grant was one of a right of passage to or from any point on the west line of the property conveyed to him, over and along the twelve-foot strip, from or to any other point upon or within the boundary lines of the strip. The defendant, on the other hand, contends that the deed gave to the plaintiff the right to pass and repass to or from any point on his said westerly line, over and along the strip, from or to East Main Street, and nothing more. It is in this matter of the interpretation of the grant of the easement contained in the deed of the Hanna estate that the controlling question in the case is found.

To discover the answer to this question we must look to the deed, the situation of the property, and the surrounding circumstances, with a view to ascertaining the intention of the parties. *Goodyear* v. *Shanahan*, 43 Conn. 204, 210 ; *Bartholomew* v. *Muzzy*, 61 id. 387, 393, 23 Atl. 604. In the absence of anything in the situation, or surrounding circumstances, to indicate an intention contrary to that to be derived from the ordinary import of the language used, taken in its ordinary and natural meaning, the ordinary

import of the language so interpreted will be given to it. *Sands* v. *Lyon*, 18 Conn. 18, 27 ; *Holliday* v. *People*, 5 Gilm. (Ill.) 216.　　In case of doubt, the grant will be taken most strongly against the grantor.　*Marshall* v. *Niles*, 8 Conn. 369, 374 ; *Bushnell* v. *Proprietors of Ore Bed*, 31 id. 150, 157.

The grant in this case was expressed to be one of a right of passway for all purposes across the twelve-foot strip. The language used to describe the scope of the easement is thus seen to have been not only free from limitations, but of the most general and comprehensive character. There was nothing in it to intimate that the way was created for any special purpose, or for the special purpose of providing a means of ingress and egress to or from the plaintiff's land from or to East Main Street.　On the contrary, it is quite suggestive of the absence of the latter as the sole purpose of the grant, that the street is not mentioned in connection with it—not even in the description of the strip itself.　The natural and ordinary import of the language of the deed is, therefore, that a general right of passage, for whatever purpose and between whatever termini might best suit the convenience of, or be deemed most beneficial to, the plaintiff as the owner of the adjacent land, was intended to be created.

If we turn to the situation of the property and the parties, and the circumstances surrounding the transaction as disclosed by the record, we find scarcely a fact not apparent from the deed and map, and those so disclosed are few indeed.　They are, that the land purchased and reserved was located upon East Main Street in the city of New Britain, that after the sale the land upon the east side of the passway was owned by the plaintiff, that upon the west side and the south or inner end by the Hanna estate, and that at the north end was East Main Street, that the south end of the way touched at one corner the corner of a tract of undisclosed ownership, being tract F., in such a manner that access to it might be had from any portion of the plaintiff's frontage upon the passway, by the use of the

way and a corner of the plaintiff's land, that the plaintiff's tract had an ample frontage upon East Main Street and full access thereto from every part of it. Here the story ends, unless a recital in the agreement of April 22d, 1905, be accepted as adding the fact that a dwelling-house stood upon tract C. No other information is vouchsafed as to the character, use, or occupation of the surrounding land. From such meagre data it is quite impossible to draw an inference as to the intention of the parties in making the grant of the way, so satisfactory as to justify a conclusion at variance with the ordinary and natural import of the language employed by them.

The defendant's brief states that the land bordering upon the way was unimproved, and upon this situation argues that it cannot reasonably be supposed that it was intended to give a right of way from a point upon the plaintiff's land to any other point upon the limits of the twelve-foot strip, save only East Main Street, because, as it is said, all such journeys would be pointless and purposeless. If it be assumed that the undisclosed facts were as stated, and that for the time being a use of the passway for passage to and from the plaintiff's land from and to the Hanna land could not have been beneficial to the owner of the plaintiff's land, it yet remains that the right to use the way as between the various points on the plaintiff's passway frontage could not be assumed to have been a valueless thing, and, what is of more importance, that there are present even in the meagre facts recited indications that the grant was made more with a view to the future than to the present. Here was city property adjacent to a city street apparently a main thoroughfare. The parties might quite naturally have been looking forward to a time when the plaintiff's ability to subdivide his passway frontage would be a valuable right—when such subdivision of the frontage upon all sides of it might be made and the surrounding land developed and built upon. Under such conditions the value of the passway lay not only in the fact that it would furnish a means of communication between

each of the subdivided tracts and East Main Street, but in the further fact that it furnished all the privileges of a way general upon which the right of passage to and fro in what-. ever direction and between whatever termini existed. It is scarcely to be believed that the parties were contemplating the creation of a right of way limited in its scope and inadequate for the purposes of a future development such as indicated.

The defendant's brief makes the additional statement that it is obvious that the defendant owned the tract F., and that as a great manufacturing concern it needed opportunity to grow. If this fact is obvious, or was true, the proximity and situation of this great manufacturing establishment bring added emphasis to the suggestions just made, and render it quite certain that the parties, in the exercise of a reasonable foresight, were providing for a right of passage of a comprehensive and not limited character.

The intention to be gathered from the situation and surrounding circumstances must therefore be regarded as one which reinforces rather than detracts from that which is to be inferred from the natural and ordinary import of the language of the grant, and establishes the interpretation to be given to it as that for which the plaintiff contends.

The conveyance to Smith subtracted nothing from the easement as originally created, as the same was appurtenant to the tract B., the ownership of which was retained by the plaintiff. Whatever rights were originally given attached, as is conceded, to each and every portion of the entire tract B. and C. The conveyance of C. could take nothing from B., except as there was in the deed a surrender of some of the rights attaching to B. The deed contains a conveyance of the right of passway as appurtenant to C. The character of the right and the strip of land in which it was given are defined. As it was the same right in its quality as that originally acquired, and in the same piece of land, the language used to define it was naturally and properly the same as that contained in the original

grant and that employed to describe the strip the same in substance. The right as appurtenant to B. remained as ample as before. We do not understand that the defendant controverts this conclusion upon the assumption that the right acquired was what we have found it to have been.

The plaintiff's claim by way of an estoppel arising from the terms of the agreement of April 22d, 1905, known to the defendant when it took its title from Smith and the Hanna estate, does not call for consideration.

The defendant's erection of the fence, cutting the plaintiff off from the use of the south portion of the passway, was unlawful, and entitles the plaintiff to a judgment pursuant to the stipulation on file.

The Superior Court is advised to render judgment for the plaintiff in the sum of $1 damages, and for a perpetual injunction as stipulated.

Costs in this court will be taxed in favor of the plaintiff.

In this opinion the other judges concurred.