ELIZABETH J. ANDERSON ET AL. *vs.* JOHN F. SWEENEY.

First Judicial District, Hartford, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The grant of a general, unrestricted "right of passway for all purposes" over a defined strip of land in the rear of, and as appurtenant to, the land conveyed, authorizes the owner and occupant of that land to use the passway not only in going back and forth between that land and the highway upon which one end of the passway opens, but also to use it in going to and fro between such land and any other land abutting the passway which is occupied in whole or in part by him. This right is, however, limited to the particular tract conveyed, and can be exercised only for purposes which are incident to its use and enjoyment.

The case of *Sweeney* v. *Landers, Frary & Clark,* 80 Conn. 575, explained and limited.

Argued January 5th—decided January 18th, 1910.

Anderson *v.* Sweeney.

ACTION to restrain the defendant from interfering with the erection and maintenance of a fence by the plaintiffs, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

One Hanna formerly owned a tract of land in New Britain, which included A, B, C, D and E shown upon the following sketch:—

As appurtenant to all this land he had passway rights in F. The piece A was subsequently conveyed away, and a building constructed upon it substantially covering the

whole of it.   Later, in 1902, Hanna's executor conveyed B, and also another tract of land elsewhere located, to the defendant.   Together with each of these two tracts the deed granted a right of way over land reserved.   The language of the grant as appurtenant to B was as follows: "Together with a right of passway for all purposes over a strip of land of said estate of the uniform width of twenty-one and five tenths (21.5) feet in the rear of the land granted from the land of the said New Britain Opera House Company to the extension of the southerly line of the property herein conveyed, and thence over a strip of land of the uniform width of fifteen feet along the rear of said Marble block to the passway on the south side of said Marble block, thence along the existing passway on said south side of said Marble block to Main Street."   A was then owned by the New Britain Opera House Company.   C, now owned by the plaintiffs, was and is substantially covered by a building known as Marble Block.   B is also covered by a building occupied by the defendant for business purposes.   There are no permanent buildings upon either D or E, the fee of both of which is in the plaintiffs.   The defendant has acquired the right to use a portion of the building upon A for storage purposes.   This building stands within about one foot from the boundary line between A and E, and has a rear door facing the end of the passway.   After the defendant acquired his rights in A he made use of the passway in passing to and fro between the rear of his building on B and his storage room in A, making use for that purpose of the door referred to.   This use of the passway was convenient and of value in connection with the defendant's occupancy of B.   The plaintiffs, to prevent this use of the way, began to erect a fence on the line between E and A.   The defendant thereupon tore down and removed the fence, and forcibly prevented, and threatens to continue to prevent, the erection of a fence in said location.   This action was then brought, asking for damages, and for an injunction to

restrain the defendant from interfering with the construction of such fence. There are no rights in the passway appurtenant to A.

*Noble E. Pierce* and *James Roche*, for the appellants (plaintiffs).

*William F. Henney*, for the appellee (defendant).

PRENTICE, J. The right of way in question was created and granted to the defendant by the same deed that created and granted to him another right of way which was before us in *Sweeney* v. *Landers, Frary & Clark*, 80 Conn. 575, 69 Atl. 566. A comparison of the language used by the grantor to define the two easements thus created by him in a single instrument, discloses nothing, to say the least, to indicate that it was intended to grant more restricted rights in the present instance than in the other. Neither does the finding disclose a state of facts connected with the situation of the properties concerned with the easement now under review, or involved in the surrounding circumstances, which tend to indicate such an intent. We are, therefore, led to conclude that the grant in the present case, like that in the other, was one of a general and unrestricted right of way for all purposes appurtenant to the tract of land in favor of which it was granted; that is to say, a right as an incident of the occupancy and enjoyment of said tract, as the dominant tenement, to pass and repass at pleasure for all lawful purposes in connection with such occupancy and enjoyment over the described strip which constitutes the servient estate, to or from any point in the boundary line between it and said tract, from or to any other point upon or within its boundary lines. *Sweeney* v. *Landers, Frary & Clark*, 80 Conn. 575, 578, 69 Atl. 566.

Several of the reasons of appeal indicate that the plaintiffs labor under the impression that the judgment of the

court was dictated by an interpretation of the grant as one which gave to the defendant the right to use the passway for other purposes of passage than those which were incident to the use and enjoyment of tract B. The record clearly discloses that its action was based upon no such misconception of the defendant's rights. All that it held was that the defendant's rights as the owner and occupier of B were not limited to the use of the passway in going to and fro between B and Main Street, but that he was privileged as well to pass over the way at his pleasure in going to and from B from or to the entrance to his storage rooms opposite the north end of the way. There is here no recognition of a right as appurtenant to A, or in the defendant as a tenant in A. The right which was sanctioned was one which results from the easement as appurtenant to B, and which the defendant was entitled to enjoy solely by virtue of and in connection with his use and occupancy of that tract of land. It may have been that one result of his occupancy of both A and B was to lead to a more frequent use of, or to bring into existence an active use of, a line of travel over the strip subject to the way which had one of its termini in B and the other in A. If so, there was only a fuller enjoyment of a pre-existing right, and not an enlargement of it. His right to pass over the strip in passing to or from his land B, from or to the borders of A, and with the consent of the adjacent owner beyond them, has always been ample since the grant was made, however infrequent may have been the occasion to exercise it.

A similar misunderstanding of the scope and consequences of the ruling of the trial court appears in the brief of counsel, where it is said that "if the holding of the lower court is sustained then the principle announced would permit the defendant, Sweeney, to purchase an indefinite number of adjoining acres and annex the right to them by which the grantor of the way might be entirely deprived of the benefit of his land."

The brief also suggests that counsel have read the opinion in *Sweeney* v. *Landers, Frary & Clark,* 80 Conn. 575, 69 Atl. 566, as giving possible countenance to a proposition such as that attributed to the court below. We have already sufficiently observed that the ruling of the trial court furnishes no justification for the construction thus attempted to be given to it. It follows by necessary implication that it also furnishes no justification for the forecast of its possible consequences above noticed. Neither does the former opinion furnish support for either the one or the other. In the former case it was conceded that whatever right of way existed, it was one appurtenant to a particular piece of land fronting upon the passway. This concession involved the subordinate one that one of the termini of passage must be somewhere along this frontage. The contested question was whether the street exit furnished the only permissible other terminus, as the then defendant contended, or whether, as the then plaintiff, the present defendant, contended, such other terminus might, at the convenience of the person entitled to exercise the right, be any point along or within the boundary lines of the strip upon which the easement was imposed. This was the issue distinctly stated in the opinion. *Sweeney* v. *Landers, Frary & Clark,* 80 Conn. 575, 578, 69 Atl. 566. We decided in favor of the latter contention. All the statements of the opinion were made with a view to the narrow issue before the court, and to express our conclusions thereon, and all that we held was that the servitude was not one limited to a user of the way by the owner of the dominant tenement for the sole purpose of communication between it and the street, but that he, as incident to his use and occupation of the dominant tenement, was entitled, at his pleasure, to seek other termini within or upon the borders of the way as points of communication with the dominant tenement. We did not hold that he could seek other termini, both without the bounds of the dominant estate, for the purpose

Anderson *v.* Sweeney.

of communication between them, or that he could by any acquisition of land annex to such acquisitions the right which he is entitled to enjoy as the occupant of B, or thus in any degree enlarge the right originally granted. On the contrary, this right, as long as it remains unchanged by grant or prescription, must continue what it was in its creation, and one appurtenant to B alone.

The plaintiffs cite cases in support of the proposition that the owner of the servient estate may erect fences along the sides of the way. Whatever right the plaintiffs as such owners might in the present instance have to erect a fence along the borders of their own land to the exclusion of the defendant therefrom, it is clear that they can have no greater right to thus exclude the defendant from passing to and fro across the border line between A, which he neither owns nor occupies, and the way, than they have to exclude him from passing to and fro across the line at Main Street. The defendant's right to cross the former line is one which is dependent upon the permission of the owner or occupant of A, and not upon the plaintiffs' favor.

The case presents no question as to the defendant's right to use the way in connection with land other than B, by means of travel which passes over B in its route between the way and such other land. The only right of passage concerned is one of direct passage between B and A wholly over the passway. The cases relating to the former situation which have been cited are, therefore, not in point.

There is no error.

In this opinion the other judges concurred.