Parsons, C. J.
It is stated in the case reserved, that Elisha Doane, father of the demandant, died intestate, seised in fee simple of the tenements demanded, and of *other [*333] real estate, situated in Boston, and in the county of Barnstable, of which one undivided sixth part descended to the demandant; that a warrant duly issued from the Probate Court in Suffolk, directed to commissioners, to make partition of all the real estate, of which the intestate died seised, among his heirs; that the commissioners made partition, and returned the same, which was accepted by the Probate Court; which warrant and partition are made a part of the case.
The demandant contends that no partition was made of the ten ements demanded, and that he was in by descent, and seised of his share, until disseised by the tenants. The tenants contend that the tenements demanded were, in the partition, assigned to Hannah Bourne, one of the co-heirs, as a portion of her purparty, whose estate therein they now have. The merits, therefore, depend on the point whether the tenements demanded were, or were not, included in the partition.
It is further agreed that the intestate’s title was by a conveyance in fee from Atherton Hough, who sold a parcel of land, wharf, dock, and flats fronting ; which flats are the premises in question. Upon examining the partition, it appears that the wharf and dock, purchased of Hough, are assigned to Hannah Bourne, with all the privileges and appurtenances to the same belonging. It also appears that the commissioners were authorized to make, and returned that they had made, partition of all the real estate of the intestate among the heirs; and the tenements demanded are not the subject of that partition, unless they pass as flats appurtenant to the said wharf.
But the demandant’s counsel have argued, with much ingenuity, that these flats cannot be deemed in law to pass as appurtenances to the wharf, because it is an established maxim of law that land cannot pass as appurtenant to land, although it may pass as appurtenant to a messuage; and although the commissioners might intend to make partition of these flats, yet, if in fact they have not, the heirs must continue seised of their several undivided shares in the same.
* It is very justly and candidly admitted by the coun- [ * 334 ] sel for the demandant, that the commissioners intended *274 to make partition of the whole estate, including the flats. This appears not only from the warrant, but from their express declaration in their return. And it further appears that it was their intention that the flats fronting the wharf and dock should pass ; for otherwise the owner of the wharf and dock could not cause any vessel to be brought into the dock, without passing over land not belonging to the owner ; nor could he lay a vessel at the end of his wharf, without paying dockage to him who owned the flats at that place.
We must suppose the commissioners to have intended a reasonable and equitable partition, by annexing the flats to the wharf and dock, as the intestate had purchased them, and as they must be occupied together. If, then, there are suitable words in this return, by which that intent may be executed, justice may be done to all the heirs, although the demandant may fail in this action. And it is our opinion that there are in the return sufficient words for this purpose.
We do not consider a wharf as land, within the construction of the maxim that land cannot pass as appurtenant to land. A wharf is a structure erected on a shore below high-water mark, and sometimes extending into the channel, for the laying vessels alongside to load or unload, and on which stores are often erected for the reception of cargoes. To a structure of this description, and built for such purpose, we are satisfied that flats, necessary for the use of the wharf, and usually occupied with it, may pass as appurtenant. When the commissioners assigned this wharf and dock, with the appurtenances, to Hannah Bourne, the flats fronting, by a legal construction of the partition, passed with the wharf, as appurtenant to it, without impeaching the maxim relied on by the demandant’s counsel.
It is, therefore, our opinion that the verdict must stand, and that the tenants take their judgment.