## Case No. 17,595.

### WHITNEY v. OLNEY et al.

[3 Mason, 280.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1823.

#### WILLS—DEVISE OF MILL.

A devise of a mill with appurtenances conveys, not the buildings merely, but the land under and adjoining which is necessary to the use, and is actually used with it.

[Cited in Sheets v. Selden, 2 Wall. (69 U. S.) 182; Pullan v. Cincinnati & C. R. R. Co., Case No. 11,461; Bank of British North America v. Miller, 6 Fed. 551; Miller v. Alliance Ins. Co. of Boston, 7 Fed. 651.]

[Cited in Ammidown v. Granite Bank, 8 Allen, 291; Wooley v. Groton, 2 Cush. 309; Johnson v. Rayner, 6 Gray, 110. Cited in brief in Eliot v. Carter, 12 Pick. 440. Cited in McShane v. Carter, 80 Cal. 314, 22 Pac. 179; Endsley v. State, 76 Ind. 469; Branson v. Studabaker, 133 Ind. 165, 33 N. E. 104; Indianapolis, D. & W. Ry. Co. v. First Nat. Bank, 134 Ind. 131, 33 N. E. 680; Maddox v. Goddard, 15 Me. 222; Hammond v. Woodman, 41 Me. 181. Cited in brief in Esty v. Baker, 48 Me. 498; Jewett v. Whitney, 51 Me. 238. Cited in Woodman v. Smith, 53 Me. 81; Page v. Esty, 54 Me. 330; Cunningham v. Webb, 69 Me. 96; Dunklee v. Wilton R. Co., 4 Fost. (N. H.) 496; Winchester v. Hees, 35 N. H. 49; Tabor v. Bradley, 18 N. Y. 113. Cited in brief in Comstock v. Johnson, 46 N. Y. 619. Cited in Doyle v. Lord, 64 N. Y. 436. Cited in brief in Murphy v. Campbell, 4 Pa. St. 484. Cited in Matteson v. Wilbur, 11 R. I. 549; Butcher v. Creel, 9 Grat. (Va.) 202. Cited in brief in Cross v. Pike, 59 Vt. 324, 10 Atl. 526; Walker v. Wilson, 13 Wis. 528. Cited in brief in Wilson v. Hunter, 14 Wis. 684. Cited in Smith v. Ford, 48 Wis. 166, 4 N. W. 468.]

Ejectment for a moiety of a parcel of land with a paper-mill, called the "Brown George," and other buildings, and all the right of water and privileges thereto belonging. Plea, the general issue. At the trial the facts appeared as follows: Col. Christopher Olney, by his will 29th May, 1812, made the following devises: First, he gave to his son Christopher C. Olney, for his natural life, a certain lot of land with the dwellinghouse, &c. in Providence; also all the land which the testator had in said Providence within certain boundaries, which he stated. Next he gave to his son Nathaniel G. Olney, during his life, all his mansion house where he then lived, &c. and all the lands lying easterly and westerly of the said lands devised to Christopher C. Olney (stating the boundaries,) "excepting the Brown George paper-mill and appurtenances." Then followed this clause: "Further it is my will, that my said sons, Christopher and Nathaniel, shall have and possess my two paper-mills, namely, the Rising Sun and the Brown George, so called; and I devise the same to them as tenants in common in equal shares during the times of their natural life, together with all the machinery and appurtenances to said mills at the time of my decease," &c. The testator further devised.

[1] [Reported by William P. Mason, Esq.]

that if his son Christopher C. had issue at his death, then that such issue should take in fee simple all the estate he had devised to his son Christopher for life; and so in like manner to the issue of his son Nathaniel the estate he had devised to him for life. The plaintiff [Hercules Whitney] claimed under the devise to Christopher C. and his issue. The principal point was, what passed to Christopher by the devise of a moiety of the mill, called the "Brown George"; the defendant [James N. Olney] contending, that a moiety of the building only passed, and no part of the land under the same or belonging to, and used with the same.

The jury under the direction of the court, found a verdict for the plaintiff for a moiety of the Brown George and the land under and appurtenant to the same. A motion was made, and argued, for a new trial, but finally overruled, the court expressing an opinion confirming that delivered at the trial.

Tibbets & Crapo, for plaintiff.

Mr. Searle and Tristam Burgess, for defendants.

STORY, Circuit Justice. My opinion is, that by the devise of the mill and its appurtenances all the land under the mill, and necessary for the use of it, and commonly used with it, passed to the devisees. The exception of the Brown George paper-mill and appurtenances, in the devise to Nathaniel G. Olney, is not an exception of the mere building, but of the land under and appertaining to, and used with, the mill. Whatever was saved by the exception, passed by the subsequent devise of the mill. I do not proceed upon the ground, that the land was a mere appurtenance to the mill; but that it was parcel thereof. It is true, that land cannot strictly be appurtenant to land so as to pass under the term "appurtenances" (Com. Dig. "Grant," E. 9; Plow. 170; Doane v. Broad Street Ass'n in Boston, 6 Mass. 332; Buck v. Nurton, 1 Bos. & P. 53); but where the intention is clearly expressed, that land should pass under that name, the law will give effect to the grant, notwithstanding the misnomer. Thus, where it was averred in pleading, that certain land was appertaining to a messuage; the court held, that in point of law it could not be appurtenant to the messuage; but that it was nevertheless well in a grant, because it shall be intended to mean such land as is usually occupied with the messuage or lying with the messuage; and therefore a demise of a messuage "with the lands to the same appertaining," is good to pass such lands as were usually occupied, used, or lying with the messuage. Plow. 170. See, also, Bryan v. Wetherhead, Cro. Car. 17; Hearn v. Allen, Id. 57; Gennings v. Lake, Id. 16S. 169; Com. Dig. "Grant," E. 9. If this be so in a grant, the law will construe the words still more favourably in a devise. Therefore in Boocher v. Samford, Cro. Eliz. 113. it was held, that lands usually occupied with a house, though at a distance from it, might well pass by a devise of it, as a tenement with its appurtenances, in which H. dwelleth in E. See, also, Cro. Eliz. 704; Com. Dig. "Grant," E. 9, 10; 1 Bos. & P. 53; 1 P. Wms. 603; 3 Wils. 141; 2 Wm. Bl. 1148; Doe v. Collins, 2 Term R. 493. In these cases the lands pass, not as appurtenances, but as parcel of the granted or devised premises, upon the intention of the parties collected from the instrument, and explained by reference to the facts.

But in the present case I lay no stress whatsoever upon the words in the devise, "with the appurtenances." The land under the mill and adjacent thereto, so far as necessary to its use, and commonly used with it, passed by force of the word "mill." It is not necessary, in order to pass lands, that they should be specially designated by that name. A grant of a messuage conveys all the land within the curtilage thereof; so the grant of a house. Shep. Touch. 94; Com. Dig. "Grant," E. 6. The only ground, upon which a doubt could be entertained, is a dictum in Lord Chief Baron Comyn's Digest ("Grant," E. 9), where he says: "By the grant of a mill cum pertinentiis the close where the mill is, or the kiln there, does not pass without more;" and for this he cites 1 Sid. 211, 1 Lev. 131, which are different reports of the same case. The case itself does not support any such doctrine. The question there was, not whether the land, on which the mill stood, passed under a grant of the mills with the appurtenances, but whether a kiln on another part of the close passed under the word "appurtenances." And the court held, that it did not, "for by the grant of a messuage or lands cum pertinentiis any other land or thing cannot pass, though by the words 'cum terris pertinentibus,' it would." And Windham, J., said, if all the matter had been found, and that the kiln was necessary for the use of the mill, and without which it could not be useful, the kiln had passed as part of the mill, though not as appurtenances. In the English translation of Levinz's Reports, by Sergeant Salkeld, there is an error, which probably led to the mistake. It is there said: "And whether the kiln and the parts of the close, on which they (i. e. the mills) stood, should pass to the plaintiff, was the question." The original is: "Et si le kill et le parts del close, sur que il estoit (i. e. the kiln stood) passe al plaintiff fut le question. Et tenu cleerement que ils (il) ne passe." The case is much more fully and accurately reported in 1 Keb. 736, where the facts are stated as found on a special verdict. O. was seized of a manor and messuage, and a close, and having two mills on the west side, and of a kiln, which he newly erected on the other side; then by metes and bounds he divided the close, and enfeoffed the plaintiff of the west part of the close, and the mills with the appurtenances; afterwards he assigned the other part of the close with the manor to the defendant; and "whether to these ancient mills, the kiln will, being severed, pass as ap-

purtenant, having been enjoyed and used" with them, was the question. The court held that it did not. Keeling, C. J., said: "It passeth not, being neither found necessary, or belonging to the mill." Windham, J., said that the special verdict was short, and that it did not appear that it was a kiln purposely erected for the use of the mill, "in which case it would have been parcel." And in substance this is the same as may be gathered from the brief note in 1 Sid. So that the case, when examined, proceeds upon a principle recognizing that which has been adopted by this court.

The good sense of the doctrine on this subject is, that under the grant of a thing, whatever is parcel of it, or of the essence of it, or necessary to its beneficial use and enjoyment, or in common intendment is included in it, passes to the grantee. In common sense and in legal interpretation, a mill does not mean merely the building in which the business is carried on, but includes the site, dam, and other things annexed to· the freehold, necessary for its beneficial enjoyment. Judgment for the plaintiff. See Leonard v. White, 7 Mass. 6; Luttrel's Case, 4 Coke, 86a.