Curia, per Butler, J.
In cases like the present, daily becoming more important in this State, it is prudent to restrict the judgment of the court to ' the only question involved.
The defendant acquired his title through several mesne conveyances, all of which in express terms reserved to the plaintiff’s vendor the right of a grist mill. The first conveyance which notices and secures this right is a deed from Wilkinson to Jesse Leggett, sen. in which the right of a grist mill, then in operation, was secured with all its appurtenances. The subsequent conveyances acknowledge the same right, though not exactly in the same terms, but made in reference to the same mill; the dam, sluices, &c. being at the time used for its operation.
Judge Story, in an elaborate judgment in the case of Whitney vs. Olney, 3 Mason, 280, held, that the devise of a mill, with the appurtenances, conveyed not the buildings merely, but the land under and adjoining-, which was necessary for the mill, and actually used with it, and said that he laid no stress on the word appurtenances, but that the land under the mill, and adjacent thereto, passed by the force of the word mill. He continued to say, that a mill does not mean merely the building in which the business is carried on, but includes the site, the dam, and other things annexed to the freehold necessary for its beneficial enjoyment. These are all involved in the title of a mill; and presuppose that water, the great and essential physical agent for the actual operation of a mill, adheres to and is inseparable from such title. It is the primum mobile of the thing to be enjoyed, and cannot be separated *159 from it, without destroying the enjoyment of the thing itself. The whole is included in the words — the enjoyment of a perfect right. The defendant, in the case before the court, when he diverted the water from plaintiff’s mill, at a time when it was necessary for its grinding, interfered with and disturbed a right which he had acknowledged and reserved by the terms of the conveyance under which he held his own land. He holds his own land with a •qualified tenure, and can only use the water in the millpond for additional mills which he may have erected after his purchase, on the condition that he does not hurt or injure the full and perfect use of plaintiff’s easement. So long as there is water enough for both, he may let his mill run; but when, by diverting water to his own he stops that of the plaintiff, he acts at his own peril and must abide the consequences. He must take care to use his own rights in subservience to those of another, after he has acknowledged those rights in such terms as amounts to a conveyance of them.
The verdict has been found upon ample evidence of its justice.
Motion refused.
Richardson, O’Neall, Evans, Wardlaw and Frost, JJ. concurred.