## CHARLES WOOLEY *vs.* THE INHABITANTS OF GROTON.

A town pound, *ex vi termini*, is an enclosed piece of land, secured by a firm structure of stone, or of posts and timber, placed in the ground; and, by the grant or exception, in a deed of conveyance, of a town pound, the land on which it stands is conveyed or excepted, not as an appurtenance, but as parcel of the subject matter.

THIS was a writ of entry to recover four acres of land in Groton, described by metes and bounds. The tenants pleaded the general issue, and specified as a further defence, a disclaimer and non-tenure as to all the demanded premises, except about thirty feet square thereof, described in the specification by metes and bounds, and to which they claimed title, both to the land in fee simple, and also to an easement in the same for the purpose of maintaining and keeping thereon a town pound, for the use of the town of Groton, by an adverse uninterrupted peaceable possession for more than twenty years, and also by force of a grant, which they alleged had been made by the owner of the land in the year 1815, and had been since lost.

The defendants, at the trial before *Metcalf*, J., introduced evidence tending to prove, that they had built a town pound on said thirty feet square in the year 1814, and had been in possession of it ever since, using it as a town pound, without any claim of rent or title, or objection from any one, until the year 1840, when they were ordered by the demandant's grantor to remove it. They also introduced evidence that prior to 1814 they had erected a pound partly on another portion of the premises demanded in the writ, and that the first pound on the site last mentioned was erected in the year 1665, and was ever afterwards kept up and used in the same place until the year 1814, when it was removed to the place now claimed by the demandant; that when the old pound was removed, the person under whom the demandant now claims took possession of a large portion of the land on which it stood; that he and his grantees had occupied it ever since,

26 *

and that it was still in possession of the demandant. The tenants contended that they owned the land on which the old pound stood ; and that the consideration of the grant (which they alleged to be lost) of the site of the new pound, in 1815, was the giving up to the owner of the demanded premises the site occupied by the old pound.

Among the title deeds, under and through which the demandant claimed, was one from Jepthah Richardson to David and William Child, dated May 3d, 1796, while the old pound was standing, describing the conveyed premises as " near to and comprehending a part of the town pound," and at the end of the description, excluding " a shoemaker's shop standing on a part of the premises and also the town pound." The tenants contended, that the effect of this deed was to exclude from the conveyance not only the structure but also the land which it enclosed, or the right to occupy it for the purpose of a pound, and so was evidence to show, that the then owners of the premises demanded in the writ admitted the ownership or right in the town to the site on which the old pound stood. But the court ruled, that the effect of the conveyance was not to exclude the land enclosed within the pound, or the right of the town to use the enclosed land for the purpose of a pound, but only to exclude the structure of the pound.

The demandant also introduced a deed, under and through which he claimed title to the site occupied by the new pound, from himself and one Fowle, executors of David Child to Joel Haskell, dated November 12th, 1839, in which the premises demanded in the writ were described as follows : " The following real estate, to wit, the homestead farm late the residence of said deceased, subject to a mortgage " (describing it) " and containing four acres, be the same more or less, with all the buildings thereon, and appurtenances thereunto belonging, excluding however the common pound belonging to the town of Groton, or the right which said town now have to set their pound thereon." Then followed a description by metes and bounds, enclosing the place where the pound

stands. This deed also contained covenants, not only that the executors had a right to sell, and had done all things obligatory on them before selling, but also against all claims under their testator, except the mortgage before mentioned.

The demandant contended, and offered evidence tending to prove, that in 1814, the town pound was erected upon the demanded premises by the tenants, under a license and with the consent of David Child, who then owned the premises, and were suffered by Child and those claiming under him to remain there under the same license until the year 1840, when the license was revoked.

The tenants contended that the legal effect of the deed of November 12th, 1839, was either to exclude from the conveyance the land enclosed in the pound, or to convey the land subject to a right or easement in the tenants to use it for the purposes of a pound; and that this being the deed through and under which the demandant claimed in this action, he was not entitled to recover.

The court declined so to rule, but ruled that under that deed the demandant could recover in this action, if at the time of making it the title of the testator's heirs or devisees, or of the grantors, as his executors, to the land enclosed by the pound, was paramount to that of the tenants.

No evidence of any disseizin by the tenants of any part of the demanded premises, except the said thirty feet square, was offered by the demandant, and no exception was alleged to the instructions given to the jury on the subject of adverse and permissive possession, and a lost grant.

The jury returned a verdict for the demandant.

A question was made and reserved, as to the form of the verdict, but it was waived on the argument.

A new trial is to be granted, or judgment is to be entered on the verdict, as shall be ordered by the whole court.

*J. G. Abbott*, for the tenants.

*J. Dana*, for the demandant.

SHAW, C. J. In a writ of entry, a demandant must recover by the strength of his own title, and if his evidence does not

establish such title, it is immaterial whether the tenant has
any title or not.   This action originally embraced a consid-
erable tract of land in Groton, but after pleas of non-tenure
and disclaimer, the controversy turns upon the right and title
of the demandant to a piece of land thirty feet square, used
and occupied by the tenants as a town pound.   The town of
Groton had occupied the site for a pound more than twenty
years, as the tenants claimed, adversely, and under a grant
which had been lost through time and accident.   One ground,
on which the latter claim was sustained, was, that about thirty
years ago, the site of the public pound was changed, and some
of the demandant's predecessors had exchanged with the
town, and given the site of the new pound in exchange for
that of the old one.   It therefore became material to prove,
that the town owned the soil of the old pound.   For this
purpose, the tenants relied on one of the title deeds, through
which the demandant claims, from one Richardson to David
and William Child, of the 3d of May, 1796, whilst the old
pound was standing, conveying land as near to and compre-
hending part of the town pound, and at the end of the de-
scription excluding a shoemaker's shop standing on part of
the premises, " and also the town pound."

The judge, who tried the cause, was of opinion, that this
clause did not except the land, on which the pound stood,
but only the structure of the pound.   On consideration, the
court now feel bound to put a different construction on this
exception, for reasons which are also applicable, and will be
presently stated, in reference to the deed after mentioned.

The demandant claimed the soil on which the new pound
stands immediately under a deed made by one Fowle and
himself, executors of the will of David Child to Joel Haskell,
dated November 2d, 1839, describing the estate thereby con-
veyed as a homestead farm, &c., subject to a mortgage, &c.,
with all the buildings thereon and appurtenances thereto be-
longing, " excluding, however, the common pound belonging
to the town of Groton, or the right which the said town
would have to set their pound there ; " the general description

including the site of the pound. The judge, at the trial, put the same construction upon this exception as upon the former. Some other points arose, but the construction of these deeds was the only subject of discussion at the argument, on the motion of the tenants for a new trial.

On consideration, the court are of opinion, that a pound, *ex vi termini*, is an enclosed piece of land, secured by a firm structure of stone, or of posts and timber, placed in the ground ; and like the grant of a mill, house, or wharf, carries the land on which it stands with it, not as an appurtenance, but as parcel of the subject matter of the grant. *Allen* v. *Scott*, 21 Pick. 25 ; *Whitney* v. *Olney*, 3 Mason, 280 ; *Doane* v. *Broad Street Association*, 6 Mass. 332.

A pound is a structure, which necessarily requires land, and is for public use ; and, being required to be maintained by towns, is in its nature perpetual. If the grant of a pound would carry the land, there is .no doubt that the same construction would apply to an exception. Nor do we consider that this construction is varied, by the alternative words used, in the last exception, "or the right which the said town now have to set their pound there." A perpetual right to the use of land, in a corporation having perpetual succession, seems not distinguishable from a freehold interest. On these grounds, the court are of opinion, that the verdict must be set aside and a new trial granted.