## MARY JOHNSON *vs.* JOHN RAYNER.

On a writ of entry, to which the tenant pleads the general issue, with a specification of defence claiming title to part of the demanded premises, and disclaiming as to the residue, a verdict that "the tenant did not extend his building over land of the demandant" is a good finding in favor of the tenant as to the part claimed by him, since the *St.* of 1836, c. 273, abolishing special pleading.

Land occupied and improved by buildings or other structures designed for a particular purpose, which comprehends its beneficial use and enjoyment, will pass by words which describe that purpose.

A conveyance in fee of a house and land and " also a well of water, with the curbs, pumps and all utensils belonging to them, as the same now stands in my other land, and a right at all times to pass and repass to and from the said well of water through my said other land, and to set up shears or any other machine on my said land for the purpose of repairing said well of water and the pumps therein, whenever the grantee may think proper so to do; reserving to myself and my heirs and assigns the free and uninterrupted privilege of the hand pump in the aforesaid well, and of the said well and water at all times," passes a fee in the land occupied by the well.

BIGELOW, J.   In this action, the demandant claims to recover two parcels of land; the first, being a narrow strip, about one foot in width, on Union Street, extending back to the rear boundary of the lot described in the writ, where it becomes about two feet wide; the second, being a rectangular piece of land, about nine feet square, situated on the northwestwardly side of the demandant's lot, next adjoining the land of the tenant, and called in the title deeds of the parties " a well," having been long used and occupied for that purpose.   The tenant, before the trial, filed a plea of *nul disseisin,* with a specification of defence, in which he claimed title to said second parcel or well only, with an averment of nontenure and a disclaimer of all the residue of the demanded premises.

There can be no doubt that, since the enactment of *St.* 1836, c. 273, abolishing special pleading, this was the only mode in which the tenant could avail himself of the plea of nontenure and disclaimer.   *Washington Bank* v. *Brown,* 2 Met. 295.   *Wheelwright* v. *Freeman,* 12 Met. 154.   It was upon this state of the pleadings, that the parties went to trial, and the case was submitted to the jury upon the issue thus raised as to the first

parcel of land; the title to the other parcel in dispute, called the well, being reserved for the consideration of the whole court upon the deeds and evidence produced at the trial relating thereto. The jury found that the tenant " did not extend his building over the land of the demandant." The demandant now contends, that this verdict is erroneous, and ought to be set aside, because it is contradictory to and inconsistent with the pleadings. But it seems to us to have been an appropriate and precise finding upon the matter at issue between the parties as it stood before the jury on the evidence. By going to trial upon the specification of defence of nontenure and disclaimer as to the narrow strip of land, the demandant put in issue the fact whether the tenant had unjustly withheld possession from him of that piece of land, in the mode attempted to be proved by him, that is, by building over it. By the disclaimer, the title to this part of the demanded premises had ceased to be at issue between the parties. It would have been competent for the demandant, upon the filing of the specification, to have discontinued his action as to the part disclaimed. He would not then have been liable to the tenant for costs if the latter did not prevail on the other part of the case; Rev. Sts. *c.* 101, § 13; and he would thereby have had his title to the premises, embraced in the disclaimer, confirmed as against the tenant, who would have been estopped to deny it afterwards. But the demandant did not see fit to discontinue his action ; but proceeded to try the only question which remained to be settled between the parties as to this part of the case, which was, whether the tenant had disseised the demandant of this strip of land, and withheld it from him. If he had, he was still liable to the action, notwithstanding the disclaimer, and a verdict against him would have been properly found as to this part of the demanded premises. But if he had not disseised the demandant or withheld the premises from him, then he had no right of action as to this parcel, and the tenant would have been entitled to a verdict on this issue. *Pres cott* v. *Hutchinson,* 13 Mass. 439. *Richards* v. *Randall,* 4 Gray, 53. Stearns on Real Actions, (2d ed.) 196, 415. Having disclaimed all title to this part of the demanded premises, and proved that he

had not withheld it from the demandant, he had shown that the action ought not to have been brought, and that it could not be maintained for this parcel of land. The verdict of the jury therefore met the precise issue of fact, which was open between the parties on this part of the case, and by finding that the tenant had not extended his building over the land of the demandant, in the manner contended for, in effect found that the possession of the strip of land had not been unjustly withheld by the tenant.

The remaining question in the case arises upon the construction of the title deeds under which both parties claim the rectangular piece of land about nine feet square, called " the well." By these it appears that in the year 1791, Samuel Sloan, under whom both parties derive their titles, was the owner of several parcels of land, situated on and near Union Street and in the rear thereof, extending towards what was then called the mill pond. By his deed, bearing date the 22d of August in that year, he conveyed to Samuel Cary two parcels of land, being a portion of his estate above named. One of these parcels, a lot measuring about twenty by forty feet, is described as lying north-westwardly of and bounded southeastwardly by other land of said Sloan, with a barn, mill house and all other buildings thereon. The deed then proceeds to convey the premises in controversy by the following words : " Also a well of water, with the curbs, pumps and all utensils belonging to them, as the same now stands in the said other land of the said Sloan, and a right at all times to pass and repass to and from the said well of water through my said other land, and to set up shears or any other machine on my said land for the purpose of repairing said well of water and the pumps therein, whenever said Cary may think proper so to do. Reserving to myself and my heirs and assigns the free and uninterrupted privilege of the hand pump in the aforesaid well, and of the said well and water, at all times." It is admitted, that this well, thus described, occupied the rectangular piece of land now in dispute between these parties, and that it adjoined the lot of land conveyed to Cary by the clause in his deed immediately preceding the words above cited.

The single question arising on the construction of this deed is, whether these words convey a fee in the premises occupied and used as a well, or whether they purport to grant merely an easement or right to use them for a particular designated purpose; and it seems to us entirely clear that it is a grant of a fee. The deed conveys a certain, definite and specific parcel of land, describing it, not by metes and bounds, but by the use of a term which indicated the purpose to which it was then appropriated and the structure by which it was occupied. The term " well " aptly designates the soil covered by and used with it. It is an artificial excavation and erection in and upon land, which necessarily, from its nature and the mode of its use, includes and comprehends the substantial occupation and beneficial enjoyment of the whole premises on which it is situated.

In this respect, it does not differ from the term " house," or " barn," or " mill," or " cottage," or " wharf," all of which are familiar instances of a conveyance of a fee in land by a general term of description, applicable only to the purpose for which the land is used at the time of the grant. 4 Cruise Dig. (Greenl. ed.) tit. 32, c. 21, § 40 note. Forbush v. Lombard, 13 Met. 109. Blake v. Clark, 6 Greenl. 436. Whitney v. Olney, 3 Mason, 280. So, too, it has been held that by the grant or exception, in a deed of conveyance, of a " town pound " the land on which it stands is conveyed or excepted, not as an appurtenance, but as parcel. Wooley v. Groton, 2 Cush. 305. And in Co. Lit. 5, it is laid down, that " stagnum, in English a pool, doth consist of water and land; and therefore by the name of stagnum òr a pool the water and land shall pass also. In the same manner, gurges, a deep pit of water, consisteth of water and land; and therefore by the grant thereof by that name the soil doth pass, and a præcipe doth lie thereof."

These authorities rest upon the sound and reasonable rule that whenever land is occupied and improved by buildings or other structures designed for a particular purpose, which comprehends its practical beneficial use and enjoyment, it is aptly designated and conveyed by a term which describes the purpose to which it is thus appropriated. By this general rule of construction

therefore, we are of opinion that, in the case at bar, the fee in the land in controversy passed by a grant of the well.

That such was the intent of the parties to the deed of Sloan in 1791 is rendered entirely clear by the terms of the reservation of the right to the use of the well by the grantor. If the fee in the premises remained in the grantor, no such reservation was necessary, because the right to the use of the well would still have been in him after his conveyance to Cary. Viewed as the conveyance of an easement only, it was not exclusive in its terms, and the use of the well by the grantor would be entirely consistent with the enjoyment of an easement in it by the grantee. It cannot therefore, upon any reasonable construction, be held, that the grantor reserved a right in that which he had not intended to grant away, or that he reserved to himself an easement out of an easement which he had granted to another. It was manifestly the reservation of an easement out of the grant of a fee. This view is strengthened by the consideration that in other parts of the deed there is a careful discrimination in the use of the operative words of a grant as applied to the subject matter. When an absolute interest is intended to be conveyed, general terms only are used ; but where an easement is the subject of the grant or reservation the word "right" or "privilege" is studiously inserted.

It may be added, as strongly indicative of the intent of the grantor to convey the fee of the well to Cary, and to retain only an easement in himself, that in December 1793, about two years after this conveyance, in the deed to the husband of the demandant, under which she now claims title, Sloan conveys his estate next adjoining the well, by a description bounding northerly towards the mill pond on land of Samuel Cary, "with the privilege of using the hand pump, being in the well of the said Cary on said land."

We are therefore satisfied that, by the true construction of the deed of Sloan, under whom the tenant claims, a fee in the land occupied by the well was conveyed by apt and proper words; and that it was the intent of the parties to that conveyance to vest a fee in the grantee, reserving only an easement in the

grantor, by which he retained a right to the use of the well. The result to which we have arrived on this part of the case, renders it unnecessary to consider the other questions which were discussed at the argument. · *Judgment for the tenant.*

*G. Sparhawk,* for the demandant, cited, to the point that the verdict was erroneous, *Hunt* v. *Sprague,* 3 Mass. 312; *Prescott* v. *Hutchinson,* 13 Mass. 439; *Walcutt* v. *Spencer,* 14 Mass. 407; and to the point that the deed of Sloan to Cary conveyed only an easement in the well, Co. Lit. 4 *b; Grant* v. *Chase,* 17 Mass. 447; *Tucker* v. *Tower,* 9 Pick. 109; *Ashley* v. *Pease,* 18 Pick. 268; *Dyer* v. *Sanford,* 9 Met. 395.

*W. G. Russell,* for the tenant.