## HOLYOKE *v.* CLARK.

When an action for covenant broken rests upon privity of contract between the parties, it is transitory.

A guardian, by mistake, included in a deed of land of his ward one lot to which the ward had no title, and, for himself as well as his ward, &c., entered into covenants of title with respect thereto. *Held,* that he was liable personally to the grantees for a breach of those covenants.

This is an action of covenant. It appeared that the defendant was guardian of Morris Clark, 2d, a minor, and that his appointment was made by the probate court of the district of Caledonia in Vermont. The ward owned certain land in the town of Groton, Vt., and the defendant procured a license to sell it, and conveyed the same, as guardian, to the plaintiffs, by deed dated August 4, 1854. In said deed are the following covenants: " And I, the said Morris Clark, for myself and my ward, and his heirs, executors, and administrators, do covenant with the said Morris and others [the plaintiffs], their heirs and assigns, that until the unsealing of these presents I am the sole owner of the premises, and they are free from every incumbrance ; " for the breach of which covenants this suit is brought. One lot of land included in the deed was included by mistake, and neither the defendant nor his ward had any title to it, though the plaintiffs did not know of the mistake, and they really bought and paid for the number of lots included in the deed. The defendant settled with his ward December 9, 1854, and paid in the money his due ; and the ward is now dead, and his estate has been settled in the insolvent course and distributed. The plaintiffs never had possession of the lot so conveyed to them by mistake. The damages are to be the amount of the purchase-money and interest, as it should be apportioned to said lot; and if the parties cannot agree, the clerk may assess the damages, if damages are to be assessed. The defendant claims that the action is local and cannot be brought and tried here, and that the defendant is not bound by said covenants. The writ and deed may be referred to. Upon this agreed case the presiding justice is to decide, and the party against whom he decides may have exceptions.

The court, LADD, J., ruled *pro forma* that the action is not local, and the defendant excepted.

*Fletcher & Heywood,* for the plaintiffs.

*G. A. Bingham,* for the defendant.

LADD, J. When the action of covenant is founded on privity of contract between the parties, their executors or administrators, it is transitory, and may be sued as a transitory action ; but when it is founded on privity of estate, the action is then local, and must be sued in the county where the land lies. PARSONS, C. J., in *Lienow* v. *Ellis,*

6 Mass. 332 ; 1 Williams' Saunders 241, n. 6 ; *White* v. *Sanborn*, 6 N. H. 220 ; *Dartmouth College* v. *Clough*, 8 N. H. 22 ; 1 Washb. R. P. (3d ed.) 455 ; Gould Pl., ch. 3, sec. 116, *et seq.*

Applying this well-settled rule of the common law to the present case, it is very clear the action is not local. The suit is between the original parties to the deed. The covenantor and covenantee are both before the court, and the question is, Has there been a breach of the contract, made by these very parties, and embodied in the covenants of the deed ? The action is, therefore, founded on privity of contract, and it makes no difference whether the covenants alleged to be broken are such as run with the land or not. With respect to such covenants as run with the land, there may be privity of estate between the grantor and grantee as well as privity of contract, but that fact is quite immaterial here, inasmuch as there has been no conveyance of the land, and consequently no assignment of the covenants contained in the deed.

The defendant also contends that he is not personally bound by the covenants in this deed, because in making them he was acting in the representative capacity of guardian ; that all he could do was to convey the right and title of his ward ; that the covenants in the deed, so far as regards himself, must have been understood by the parties to mean nothing more than an undertaking that his acts had been legal, so as to make a valid transfer simply of the title of his ward ; and that the breach constituted a claim against the estate of the ward, which ought to have been presented and considered on the settlement of his guardianship account.

We think this position cannot be sustained. In the first place, the covenants relate to a lot of land, included in the deed by mistake, to which the ward had no title. The guardian certainly had no authority, derived from his office and trust, to enter into covenants respecting that lot on behalf of his ward, and for that reason no such covenants would be binding on the ward or his estate.

But whenever a man by an instrument under seal undertakes to stipulate for another, if he acts without authority or beyond his authority, he is answerable personally for the non-performance of the contract. *Sumner* v. *Williams*, 6 Mass. 162, 209 ; and see cases referred to in note to *Thomson* v. *Davenport*, 2 Sm. Ld. Cas. (6th Am. ed.) 416, *et seq.*

This seems to furnish one complete answer to the defendant's claim. But another is found in the form of the covenant. The defendant explicitly covenants *for himself* as well as for his ward. It may have been upon the faith of that personal covenant that the plaintiffs paid the purchase-money for the land without first ascertaining whether the title to all the lots was in Morris Clark, 2d.

However that may be, it is clear the defendant has used apt and fitting words to bind himself, whether the estate of his ward could have been held or not ; and that the court cannot by any stretch of construction relieve him from the obligation he thus voluntarily assumed.

According to the provisions of the agreed case, there must be

*Judgment for the plaintiffs.*