WILMOT E. CUNNINGHAM *vs.* ASHBEL T. WEBB & wife.

Waldo.    Opinion January 20, 1879.

*Deed.   Pleading.   Words,—barn.*

A deed of that portion of a farm lying on the north side of the road excepted one-half of a house and barn thereon, the grantor owning the residue of the farm on the other side. *Held*, that the term barn included the sheep-shed connected with it; and that the land on which it stood and the barn-yard, fenced and used with the barn, were within the exception under the general term barn, as applicable to the purposes for which the building and land were used at the time of the grant.

In an action by writ of entry, the plea was *nul disseizin*, with a brief statement, filed after time allowed for pleas in abatement, that the parties, tenants in common, had made a parol partition, and the defendants had thereafter occupied their half with the consent of the plaintiff. *Held*, that, under the pleadings, the parol partition was no defense, especially it not appearing that the defendants, with whom the partition was made, owned the fee.

ON REPORT.

WRIT OF ENTRY, returnable at the October term, 1877, for a parcel of land, "Situate in Swanville, northerly of the road leading from the town-house to Nickerson's Mill, being a portion of the homestead farm upon which the plaintiff's sheep-house now stands, and a parcel of land adjacent to and bounded northerly

by said land, occupied by said sheep-house, and occupied by the defendants as a barn-yard."

Plea, general issue, with a brief statement, filed at the April term, 1878, of title in defendants; that they have a deed of an undivided half of a barn adjacent to the demanded premises, and that the demanded sheep-house is so connected with the barn that it is properly a part of it, and cannot be separated without damage to the freehold; that the barn-yard demanded is an appurtenance to the barn; that, in June, 1876, the plaintiff and defendants by agreement divided the shed and barn-yard, and that the plaintiff permitted the defendants to take and use, as their own, part of the sheep-house and barn-yard, being same that are sued for, and assisted in making the dividing partition walls and fences.

The plaintiff put in a deed to himself, admitted to cover and convey the demanded premises, unless included in one of the reservations, to wit: " one undivided half part of the barn at the easterly side of the house."

The defendant husband testified that the property was formerly occupied by Jacob Cunningham, and after his death by his son, the plaintiff; that Jane Cunningham, widow of Jacob and mother of the plaintiff and of the defendant wife, joined in the deed to plaintiff, which contains the exception under which the defendants claim; that Jane and the heirs deeded to defendant wife; that the defendants came to live with her in June, 1876, taking possession of one-half of the house and barn, under her, or the deed to the wife, he hardly knew which. He also testified to the division of the disputed premises by the plaintiff and himself, in the manner set forth in the brief statement, and of his occupancy thereafter of the part partitioned off to him.

*W. H. Fogler*, for the plaintiff, contended that, by the pleadings, the plaintiff had a right to recover, the defendants admitting that they were in possession of the premises demanded, of the land upon which the sheep-house stands, and the land occupied by defendants as a barn-yard, claiming a freehold and filing no disclaimer, and the plaintiff having proved that he was entitled to such estate as he has alleged, and that he had a right of entry therein when he commenced his action; that, at any rate, there

was no question of his right to recover one-half; that the exception in the deed should be taken most favorably for the grantee; that the term barn should not include barn-yard and sheep-house; that the brief statement did not amount to a disclaimer, and even if it did, it was too late, not being filed within the time allowed for pleas in abatement; that the plaintiff could recover a specific part of the undivided portion of the premises to which he proves title. He cited, under various positions taken, the following cases: *Treat* v. *Strickland*, 34 Maine, 234. *Perkins* v. *Raitt*, 43 Maine, 280. *Colburn* v. *Grover*, 44 Maine, 47. *Blake* v. *Dennett*, 49 Maine, 102. *Chaplin* v. *Barker*, 53 Maine, 275, 276. *Cooper* v. *Page*, 62 Maine, 192. *Wyman* v. *Richardson*, id. 293. *Howard* v. *Wadsworth*, 3 Maine, 471, 473. *Wyman* v. *Farrar*, 35 Maine, 64. *Blake* v. *Clark*, 6 Maine, 436. *Sanborn* v. *Hoyt*, 24 *Maine*, 118. *Grover* v. *Howard*, 31 Maine, 546, 551. *Hammond* v. *Woodman*, 41 Maine, 177, 201. *Grant* v. *Chase*, 17 Mass. 443. *Allen* v. *Scott*, 21 Pick. 25. *Stockwell* v. *Hunter*, 11 Met. 448, 455.

*W. P. Thompson & R. F. Dunton*, for the defendants, contended that the parties were tenants in common of the demanded premises prior to the parol partition ; that the partition was valid and binding; that, by a fair construction, an undivided half part of the barn included an undivided half part of sheep-house and barn-yard, and under various positions cited *Jackson* v. *Hardee*, 4 Johns. 202, 212. *Jackson* v. *Vorburgh*, 9 Johns. 276. *Corbin* v. *Jackson*, 14 Wend. 619. *Keay* v. *Goodwin*, 16 Mass. 1, 3. *Torry* v. *Cook*, 116 Mass. 163. *Shepard* v. *Rinks*, 78 Ill. 188. 3 Central Law Journal, 507. *Wood* v. *Fleet*, 36 N. Y. 499. *Allen* v. *Scott*, 21 Pick. 25. *Grover* v. *Howard*, 31 *Maine*, 551. *Bacon* v. *Bowdoin*, 2 Met. 591. *Blake* v. *Clark*, 6 Maine, 436. *Reed* v. *Prop. of Locks & Canals*, 8 How. 274. *Hunter* v. *Heath*, 67 Maine, 507.

LIBBEY, J.   Jane Cunningham and others owned a farm, situated in Swanville, called the homestead of Jacob E. Cunningham ; and on the 24th day of April, 1874, they conveyed to the demandant that part of the farm lying north of the road running

through it, with the following exception : " Reserving and except-
ing the buildings on said premises westerly of the center of the
main house, and the land on which they stand, and the privilege
of going in and out of the same, and driving around the same,
and one undivided half part of the barn on the easterly side of
the center of the main house, and the right for the said Jane Cun-
ningham to take for her own fire, during her natural life, what
wood she may need for said fire from the wood lot on said prem-
ises." At the time of the conveyance there was a building, which
was erected about fifteen years before, attached to the main barn,
with a passage way from the barn into it, used in connection with
the barn for storing hay and keeping sheep, called the sheep-shed.
A barn-yard was fenced, adjacent to the barn and shed, and used
with them.

The tenants claim and occupy the premises excepted in said
deed under Jane Cunningham. In 1876 the demandant and ten-
ants made a parol partition of the barn, sheep-shed and barn-yard,
by which a part of each was set apart for the sole use of the
tenants.

The contention between the parties is, I. Whether an undivided
half of the sheep-shed and the land on which it stands and the
barn-yard were excepted from the grant by the deed.

II. If so, whether the parol partition is a defense to the action.

Upon the first point the court is of opinion that the shed must
be regarded as a part of the barn (*Hilton* v. *Gilman*, 17 Maine,
263); and that the land on which it stands and the barn-yard are
within the exception, under the general description of barn, as
applicable to the purpose for which the building and land were
used at the time of the grant. This construction rests upon the
sound and reasonable rule that, " whenever land is occupied and
improved by buildings or other structures designed for a particu-
lar purpose which comprehends its practical beneficial use and
enjoyment, it is aptly designated and conveyed by a term which
describes the purpose to which it is thus appropriated." *Johnson*
*v. Rayner*, 6 Gray, 107.

A grant of a house standing on a lot of land, fenced and used
with the house as a yard and garden, conveys not only the house

but the lot of land on which it stands, unless it appears from the deed, or the facts and circumstances existing at the time, applicable to the estate, that that was not the intention of the parties. *Moor* v. *Fletcher*, 16 Maine, 63. *Sanborn* v. *Hoyt*, 24 Maine, 118. *Derby* v. *Jones*, 27 Maine, 357. *State* v. *Burke*, 66 Maine, 127. *Whitney* v. *Olney*, 3 Mason, 280. *Allen* v. *Scott*, 21 Pick. 25. *Amidown* v. *Ball*, 8 Allen, 293. *Corporation* v. *Chandler*, 9 Allen, 164.

There is nothing in the deed, or the facts and circumstances applicable to the property, which shows that the parties intended to limit the legal effect of the language used, but the contrary. It could not have been their intention to except the barn as personal property, to be removed by the grantor, as an undivided half only is excepted. Then the defendant's grantors were the owners of the farm, having all of the buildings on the north side of the road running through it. They conveyed to the demandant that part only lying on the north side of the road, excepting a part of the buildings, to be used and to go with the other part of the farm. It must be inferred that the parties intended that the land used in connection with them, and necessary to their beneficial use and enjoyment as farm buildings, was embraced in the exception; and soon after the conveyance they so construed it by the parol division.

As to the second point relied on in defense, we think it clear that, under the pleadings, the parol partition is no defense to the action; especially as it does not appear that the tenants, with whom the partition was made, owned the fee.

> *Judgment for the demandant for an undivided half of the demanded premises.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.