THE PEOPLE ex rel. EBENEZER G. BLAKSLEE, Appellant, *v.* THE COMMISSIONERS OF THE LAND OFFICE, Respondents.

A party not the owner of adjoining uplands and having no grant of lands under the waters of a navigable river, and who, therefore, is not aggrieved by a decision of the commissioners of the land office granting said lands, is not entitled to a review by certiorari of the action of the commissioners.

An exception or reservation, in a deed of uplands adjoining the Hudson river, of the water rights, privileges and grants appertaining to the land conveyed is wholly ineffectual where the grantor had, at the time of the conveyance, no grant from the state or title to the lands under water, and the grantor retains nothing which he can thereafter convey.

The fact that the grantor had previous to the conveyance, without any right, entered upon and filled up the land under water, gives him no title, and he did not thereby become a proprietor of "adjacent lands," within the meaning of the statutes controlling grants by said commissioners (1 R. S. 208, § 67); as between him and the state the land so filled in remains land under water.

(Argued June 17, 1892; decided October 11, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made May 12, 1891, which affirmed proceedings of the commissioners of the land office granting land under water of the Hudson river to the E. G. Blakslee Manufacturing Company.

The facts, so far as material, are stated in the opinion.

*Francis Larkin* for appellant. The E. G. Blakslee Manufacturing Company's lot of land No. 1 gave them no riparian rights whatever. It did not make them the adjacent proprietor of any upland. (1 R. S. [7th ed.] 573, § 67.) The E. G. Blakslee Manufacturing Company was not the proprietor of the adjacent lands by reason of being the owner of lot No. 2, called the Jones lot, and, therefore, the grant to them is void. (*People* v. *Colgate,* 67 N. Y. 512; *People ex rel.* v. *Jones,* 112 id. 597.) If the exception and reservation in the deed to Gregory and Mead had not taken away from them all riparian rights, and they had been the adjacent proprietors of the

upland, the grant to the E. G. Blakslee Manufacturing Company was as much again as they were entitled to, and is void, and should be reversed on that account. (*People* v. *Schermerhorn*, 19 Barb. 540 ; *K. I. Co.* v. *Schultz*, 116 N. Y. 382.)

*Alfred Taylor* for respondents. The title, or rather the invalidity of the claim of title by the relator, under the exception and reservation of the deed of Daniel Quimby, has already been decided by this court, and is settled beyond further controversy. (129 N. Y. 158 ; *People* v. *N. Y. & S. I. F. Co.*, 68 id. 71 ; *Gould* v. *H. R. R. R. Co.*, 6 id. 522.) The fact that the Hudson River railroad runs in front of the premises does not impair the riparian rights of the company. (*Rumsey* v. *N. Y. & N. E. R. R. Co.*, 114 N. Y. 423.) The relator, E. G. Blakslee, is not " a person aggrieved by the determination to be reviewed," and has no standing in court to review the proceedings of the commissioners. (Code Civ. Pro. § 2127 ; *People ex rel.* v. *Mayor, etc.*, 5 Barb. 43 ; *Cotton* v. *Blaz*, 12 Wend. 234 ; *People ex rel.* v. *Coleman*, 41 Hun, 344.)

EARL, Ch. J. The E. G. Blakeslee Manufacturing Company made application to the commissioners of the land office for a grant of certain land under the water of the Hudson river, and based its application on the ground that it was the owner of the adjacent upland, and the grant was made. The relator then instituted this proceeding by certiorari to review and reverse the action of the commissioners on the ground that the grant was made in violation of the Revised Statutes, which give the commissioners power to make such grants, but provide that "no such grant shall be made to any person other than the proprietor of the adjacent lands, and any such grant that shall be made to any other person shall be void." (1 R. S. 573 [7th ed.].) The relator claims that the company was not the proprietor of the adjacent land, and that even if it was the proprietor of any, it was not to the extent in width of the land granted.

The matter was very carefully and thoroughly examined and investigated by the commissioners of the land office, and

it is very difficult, if not impossible, upon this record in which the facts are not plainly presented, to determine whether or not they erred as to the ownership of all the adjacent land by the company.

It is sufficient for the present purpose that the relator was not the owner of the adjacent land, or of the land granted, and that thus he was in no way aggrieved by the determination of the commissioners. Even if the grant to the company was void, he was in no condition to complain of it.

It is a cardinal principle, as applicable to proceedings by certiorari as to other legal proceedings, that a party cannot be heard in court who has no interest in the matter pending, nor can he appeal from a determination by which he is in no way aggrieved. (Code, § 2127 ; *Colden* v. *Botts,* 12 Wend. 234 ; *Ex parte Mayor of Albany,* 23 id. 277 ; *People ex rel. Moore* v. *Mayor of New York,* 5 Barb. 43 ; *People ex rel. Merchants' National Bank* v. *Coleman et al., Commissioners of Taxes,* 41 Hun, 344.)

There is no pretense that the relator is the proprietor of any of the adjacent upland. Reuben Quimby formerly owned all the adjacent land, and his title thereto by several mesne conveyances came to the company. He conveyed the land by two deeds in 1853. In the first deed he conveyed what is called in the record parcel one. That is an absolute deed without any reservation or exception. In the other deed he conveyed parcel two, and that deed contains this clause : " Containing all the land within said boundaries, excepting and reserving to said Quimby, his heirs and assigns, all the water rights and privileges, and all the water grants and rights in the Hudson river west of the said railroad, which now do or hereafter may appertain or belong to the above-described premises, the same and in the same manner as if these presents had not been made." Quimby owned no land under water, had no grant from the state, and was simply an owner of the adjacent upland which he granted. The relator has succeeded to whatever rights or interests Quimby was able to convey by virtue of the clause above quoted, and we have held that that

clause was wholly ineffectual, and that by virtue of it Quimby retained nothing which he could convey. (*E. G. Blakeslee Manufacturing Co.* v. *E. G. Blakeslee's Sons Iron Works*, 129 N. Y. 157.) The relator, therefore, derived no right to or interest in the adjacent land, or the land under water, from Quimby.

But he seems to place some reliance upon other facts. A few years before the grant to the company he, being president of the company, caused the refuse from its foundries to be deposited in the water west of the railroad, upon some of the land under water subsequently granted to the company, and by this deposit the land was raised above the water. He certainly acquired no title to the land by thus entering upon it without any right and filling it up, and he did not thus become the proprietor of the "adjacent lands" within the meaning of the statute above quoted. As between him and the state, it still legally remained land "under water," to be dealt with as such. The grant of the land to the company invaded no rights of his and caused him no legal grievance.

The relator is, therefore, without any standing to maintain this proceeding, and the order appealed from should be affirmed, with costs.

All concur, except MAYNARD, J., not sitting.

Order affirmed.