SAUNDERS et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, General Term, Second Department.   July 28, 1893.)

1. RIPARIAN RIGHTS—ACCESS TO WATER.
   The owner of upland on the east bank of the Hudson river, plaintiff's predecessor in title, conveyed to defendant railroad company a strip of land of a certain width under the waters of a small bay in front of their property, on which strip it constructed its track. This deed reserved to the grantor his rights in all the land under water not included in said strip, and also the right to cross the strip to the river. Subsequently, defendant made a filling on the east side of this strip, between its origi-nal track and plaintiff's upland, and laid tracks thereupon, which it used as a yard, leaving cars there for different periods of time. *Held*, that plaintiff, as riparian owner, was entitled to unobstructed access to the shore of the river, and that such intervening tracks should be removed.

2. LANDS UNDER NAVIGABLE WATERS—TITLE OF STATE.
   The state holds title to the land under navigable waters merely as trustee for the benefit of the public, and has no power to grant to a rail-road company a strip of land adjoining the shore of a river, so as to cut off a riparian owner's right of access to the waters thereof. 23 N. Y. Supp. 927, affirmed.

Appeal from special term, Westchester county.

Action by Leslie M. Saunders and Alexander Saunders against the New York Central & Hudson River Railroad Company to restrain defendant from operating its railroad over a strip of land formerly under the waters of the Hudson river, and to compel the removal of the railroad tracks therefrom. From a judgment for plaintiffs, (23 N. Y. Supp. 927,) defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

Frank Loomis, (Ira A. Place, of counsel,) for appellant.

R. E. & A. J. Prime & Burns, (Ralph E. Prime, of counsel,) for respondents.

PRATT, J. We think the judgment in this case should be affirmed, upon the facts and principles stated in the opinion filed by Mr. Justice Dykman upon the trial. 23 N. Y. Supp. 927. There was no error on the part of the trial judge in refusing to find the 3d, 5th, 6th, and 9th requests of the defendant. Some of said requests, were not justified by the evidence, and others, if found, could not have changed the result. The judge found that the title to the land in question was in the plaintiffs, by virtue of being upland owners, and the same being an accretion to their shore. In this the decision is sustained by authority. Steers v. City of Brooklyn, 101 N. Y. 56, 4 N. E. Rep. 7. This case differs from that of People v. Commissioners of Land Office, 135 N. Y. 447, 32 N. E. Rep. 139, as in that case the relator was not the owner of the adjoining upland. The plaintiffs, at least, had title, in the sense that they had the right of unobstructed access to the shore of the Hudson river, which we think is sufficient to sustain the judgment. Yates v. Milwaukee, 10 Wall. 497; Rumsey v. Railroad Co., 133 N. Y. 79, 30 N. E. Rep. 654; In re City of Yonkers, 117 N. Y. 564, 23 N. E. Rep. 661; Illinois Cent. R. Co. v. State of Illinois, 13 Sup. Ct. Rep. 115; Rice v. Ruddiman, 6 Mass. 332; Corporation v. Newman, 12 Pick. 467; Doane v. Association, 10 Mich. 125. We think the deed of Flagg to the defendant of the parcel 73 feet in width did not cut off the shore owner's right to go to the river. This deed, expressly limited to parcel B, (73 feet in width,) could not be held to affect the right of the grantor to pass from the original share over parcel F, in question, without obstructions, at least, as far as the east line of parcel B. But we think the right also remained in Flagg and his grantees to cross the railroad, (parcel B,) and go to the river, especially after the state patented the land west of the railroad line (parcel B) to the plaintiffs' grantors in 1869. Langdon v. Mayor, 93 N. Y. 151; Smith v. Railroad Co., 63 N. Y. 58, and cases cited; Laws 1850, c. 140, §§ 44, 49. The right to cross the railroad is recognized in the deed of Flagg to the defendant by a covenant on the part of the latter to that effect. The defendant utterly failed to show any title to the parcel in question, or any right to occupy the same. Neither the charter nor the filing of maps could confer any title upon the defendant. Railroad Co. v. Aldridge, 135 N. Y. 83, 89, 32 N. E. Rep. 50.

The power of the commissioners of the land office and the quality of the title of the state to lands under water are sufficiently discussed in the opinion below, before referred to. The defense of title by adverse possessions was not established, as matter of fact; so also of the defense that the plaintiffs' deeds of the land were void because of the statute avoiding deeds of land in the actual possession of other persons claiming adversely.

We also think the court below was right in refusing to find

defendant's request No. 14, as the proof was against such a conclusion.  There are many questions in this case upon both sides of which much can be said, but, in view of the long opinion rendered below, and the discussion of recent cases in the court of appeals of a similar character, it seems unnecessary to state more here than the conclusions at which we have arrived after careful examination of the case and the briefs.  The conclusions of fact seem to be supported by the evidence, and the conclusions of law are well supported by reason and authority.    Judgment affirmed, with costs.